Frank CANNON, Plaintiff-Appellant,

v.

The UNITED STATES of America, Defendant-Appellee.

No. 14372.

United States Court of Appeals Seventh Circuit.

March 3, 1964.

Rehearing Denied March 31, 1964.

William W. Schooley, Moran, Beatty & Hiscott, Granite City, Ill., for plaintiff-appellant.

Edward R. Phelps, U. S. Atty., Leon G. Scroggins, Asst. U. S. Atty., Springfield, Ill., for defendant-appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This suit was brought under the Federal Tort Claims Act (28 U.S.C. §§ 1346 (b); 2671 et seq.; 2674). On August 21, 1956, the United States was the owner of certain premises in Granite City,

Illinois, known as the United States Army Engineer Depot.

Stanley Hanks Painting Company entered into a contract with the United States for painting certain buildings in the Engineer Depot including Building 203. On August 21, 1956, plaintiff was working on Building 203 as a painter in the employ of Stanley Hanks Painting Company. He was painting outside windows and working on a scaffold. Plaintiff fell from the scaffold sustaining serious injuries.

The Structural Work Act (Ill.Rev. Stat.1955, chap. 48, pars. 60 to 69), commonly known as the "Scaffold Act," [1] was enacted in 1907 to provide for the protection and safety of persons working in and about the construction and repair of buildings and other structures. The complaint alleged the defendant, United States, failed to comply with the provisions of this Illinois statute, and that such failure resulted in injuries to the plaintiff.

The District Court found for the United States and stated the Supreme Court of Illinois in Gannon v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co., 22 Ill.2d 305, 175 N.E.2d 785, adopted " * * * the now accepted test for liability of an owner under the Scaffolding Act, that is, that the owner must be 'in charge of' the work being performed by the plaintiff. Secondly, in the course of stating that proposition, the court adopts the first Schmid case [2] as the better expression of the law." The District Court commented that the same contractual provisions construed by the Court in the first Schmid case were also contained in the contract in the instant case.

The District Court specifically found "The United States of America was not in charge of the work being performed by the plaintiff at the time of the accident in question."

Section 9 of the Illinois Scaffold Act provides, in substance, that any owner

---

[1]. Referred to by the District Court and by several other courts as "Scaffolding Act."

[2]. Schmid v. United States, D.C.E.D.Ill., 154 F.Supp. 81.

or other person having charge of the erection, construction, repairing, removal or painting' of any building shall comply with all the terms of the Act, and provides for a cause of action on the part of an injured person occasioned by the wilful violation of the Act.

The foreman and supervisor of the Stanley Hanks Painting Company testified he was in complete charge of the work being done on Building 203; that the scaffolding materials as well as the materials used by the painters were furnished by the Stanley Hanks Painting Company; that plaintiff as well as all other employees engaged in the painting at the Engineer Depot were hired and could be fired by Stanley Hanks Painting Company.

Nevertheless, plaintiff's counsel claims that the United States of America had the right to control the painting work on Building 203. With commendable zeal, counsel has combed the forty-two page contract and has cited various provisions which he claims prove the United States of America was in charge of the work. Among such provisions are that the work will be conducted under the general direction of the contracting officer and that the work was to be subject to inspection. The testimony showed there was at least one inspector representing the United States on the Depot grounds who inspected Building 203 and other buildings where painting was in progress. There were other painting contractors engaged in the painting on the Depot grounds at the time Building 203 was being painted.

Other provisions cited by plaintiff's counsel were that the contracting officer may, in writing, require the contractor to remove an incompetent, careless or insubordinate employee, and that the contractor will comply with pertinent provisions of the manual safety requirements.

In applying Illinois law, as we must do in this case, we recognize that the Supreme Court of Illinois has changed its views on the question of ownership liability under the Illinois Scaffold Act.

In Kennerly v. Shell Oil Company (1958), 13 Ill.2d 431, 150 N.E.2d 134, the court held an owner could be and was liable under the Act, notwithstanding the work was done by an independent contractor; that the Act fixed an independent, nondelegable duty of compliance upon the owner. The dissenting opinion expressed the view that only those owners, "having charge" of the work could be held liable.

In June 1961, the Supreme Court of Illinois decided Gannon v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co., 22 Ill. 2d 305, 175 N.E.2d 785. Although not expressly so stating, the Court abandoned and overruled the Kennerly decision and embraced the views of the minority in that case. The opinion of Schmid v. United States, 154 F.Supp. 81 was cited with approval in Gannon.

In Gannon, after discussing the facts in that case, the Illinois Supreme Court said, 175 N.E.2d at page 794: " * * * Under these circumstances, it was at most a disputed question of fact whether the owner could be deemed to be in charge of the construction within the meaning of the act, and it would be the province of the jury, under proper instructions, to make that determination."

In our view, the provisions of the forty-two page contract between the United States and Stanley Hanks Painting Company relied on by plaintiff did not place the United States in charge of the painting projects being carried on at the Engineer Depot on August 21, 1956. As a matter of fact, the United States had no control of the hiring and firing of the Painting Company's employees. It had no control over the method in which the painting work was carried on. The fact that the United States had an inspector who, from time to time, inspected the various painting jobs on the Depot, did not place the United States "in charge of" the painting work.

In Schmid v. United States, 154 F. Supp. 81, at page 89, the Court stated: "The fact that the United States sent its inspector to the project daily to inspect the work does not place the govern-

ment 'in charge of' the project. The government had no control over the hiring or firing of the workmen. They had no control over the method in which the construction work or the repair work was being done, and they had no control over the firing of the workmen."

On the issue here involved, we think the District Court interpreted the Illinois Scaffold Act in accord with the most recent decision on that point by the Illinois Supreme Court.

The judgment of the District Court is Affirmed.