**UNITED STATES of America,**
**Appellant,**

v.

**Ted T. IRZYK, d/b/a San Juan Trailer Town, Appellee.**

No. 9189.

United States Court of Appeals
Tenth Circuit.

Feb. 1, 1968.

William Kanter, Civil Division, Dept. of Justice, Washington, D. C. (Barefoot Sanders, Asst. Atty. Gen., Carl Eardley, Acting Asst. Atty. Gen., John Quinn, U. S. Atty., Morton Hollander, Richard S. Salzman, and Harvey L. Zuckman, Attys., Dept. of Justice, on the briefs), for appellant.

B. J. Baggett and Stephen F. Grover, Farmington, N. M., for appellee.

Before HILL and SETH, Circuit Judges, and DOYLE, District Judge.

SETH, Circuit Judge.

This is an appeal from the judgment of the United States District Court awarding money damages for injury to property in an action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

The record shows that the Bureau of Indian Affairs of the Department of the Interior undertook to supervise the construction of a building in Aztec, New Mexico. The construction included the installation of a sewer line which passed under an irrigation ditch. A subcontractor was to install this sewer line, and in order to lay the line under the ditch it was necessary to temporarily stop the flow of water in the ditch and to dig through the ditch banks. The cut was made, the line was laid, and the ditch was backfilled. Water was permitted in the ditch approximately two weeks after the repair work was completed. It flowed without incident for nearly a month, but then the ditch broke at the point where it had been backfilled. The water spread over the appellee's adjacent trailer park, depositing silt and dirt on appellee's property which then froze, damaging grass, shrubbery, roads, and cement patios.

The evidence introduced relating to the issue of the Government's liability was directed to the acts and duties of the project inspector for the Bureau of Indian Affairs. The inspector had the duty to see that the contractor, and its subcontractors, were performing their work in accordance with the Bureau's plans and specifications. He had no authority to make any changes in the

plans and specifications, and was to make reports of discrepancies to his superior. The Bureau had provided no particular specifications for the dirt work on the ditch, thus there were only the general specifications regarding backfilling trenches cut across roadways, driveways, and walks. These were used by the project inspector in his functions. There was testimony that the inspector used certain "tests" on the backfill, if these can be called such. There was also evidence that these were less than adequate. In any event the inspector accepted the work in question before the flooding took place. However the acts constituting the negligence sought to be charged are not adequately described in the record before us, nor are the legal theories of the parties. It is thus not possible for this court to give adequate consideration to the arguments of the parties on appeal.

The trial court's opinion states that the damage was caused by the manner in which the cut was repaired, and apparently liability of the Government is based on the fact that the contractor's work was accepted. The acceptance of the work is not shown by any findings to be the proximate cause of the damage, nor is any other basis of liability developed. The contractor may have been negligent, but if so the reason for the Government's liability therefor is not reflected in findings. United States v. Page, 350 F.2d 28 (10th Cir.). Under the Tort Claims Act, liability of the Government must be based on a wrongful act of a Government employee or agent, but we have no findings before us that the damage was so caused.

In order that this court can have the benefit of the trial court's statement of the basis for its decision and its conclusions, Featherstone v. Barash, 345 F. 2d 246 (10th Cir.), the judgment is set aside, the case is reversed and remanded for additional findings of fact and conclusions of law, and for such other proceedings as the trial court deems proper.