Ted T. **IRZYK**, d/b/a San Juan Trailer Town, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 10181.

United States Court of Appeals
Tenth Circuit.

June 19, 1969.

**750**

Stephen F. Grover of Baggett & Grover, Farmington, N. M., for appellant.

Ralph A. Fine, Atty., Dept. of Justice, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., John F. Quinn, Jr., U. S. Atty., Morton Hollander, Atty., Dept. of Justice, with him on the brief), for appellee.

Before BREITENSTEIN, SETH, and HICKEY, Circuit Judges.

PER CURIAM.

This case was initially before this court and was remanded for additional findings. United States v. Irzyk, 388 F.2d 982 (10th Cir.1968). The original opinion contains a more complete description of the issues and the facts. Briefly the case concerns construction of buildings for the United States Bureau of Indian Affairs. The installation of a sewer line was part of the job, it was undertaken by a subcontractor, and inspected by the Government inspector. This work included the line to be placed under an irrigation canal. This required a trench to be dug under and through the canal. The line was built, the water was turned back into the canal, and several weeks later water seeped through one of the banks of the canal where the cut was made and flooded appellant's property.

The trial court found:

"The backfilling was negligently done. Compaction was not obtained to a density and binding effect sufficient to hold the water in the canal. The Government inspector was negligent in the tests he made to determine whether the compaction was sufficient to hold water * * *.

\* \* \* \* \* \*

"Under the over-all circumstances, it was the duty and responsibility of the sub-contractor as an independent contractor to repair the cut across the canal so that it would hold water. He negligently failed to do so. The Government inspector negligently used insufficient tests and negligently failed

to use available scientific tests to determine whether the compaction was sufficient to hold water * * *.

\* \* \* \* \* \*

"* * * The Government inspector on the job did not supervise or tell the contractor how to accomplish the required result. He did make such inspections as he thought necessary to see whether the work was being performed according to the specifications. However, the sub-contractor did perform the work as an independent contractor and was not so supervised as to become an employee of the Government.

\* \* \* \* \* \*

"There were no direct specifications as to how the backfilling should be done across a canal carrying water. Only the general specifications laid down by the Government for backfilling trenches cut across roadways, driveways, and walks were available. They provided in material part that the backfill should be 'compacted to a density of at least equal to that of the surrounding earth. * * *' "

These findings are clearly supported by the record and they are dispositive of the case.

■ The appellant urges that the evidence does not support the finding relative to the extent of "supervision" undertaken by the inspector for the Government; however, we have again examined the record and find that the determination of the trial court on this point is well within the proof in the record. See Glens Falls Insurance Co. v. Newton Lumber & Mfg. Co., 388 F.2d 66 (10th Cir.1967).

■■ The appellant also urges that the Government should be held liable because the contract did not contain specific and adequate instructions relative to the canal crossing. As mentioned above the earthwork instructions or specifications were in general terms for all such earthwork. These required that backfills be compacted "* * * to a density of at least equal to that of the surrounding earth." The testimony in the record does not show this to be an insufficient or inadequate requirement. It does not appear whether the break would have occurred had this been done. There is no showing of faulty specifications and in any event the matter of specifications is generally a discretionary function of the owner in the absence of unusual conditions. See, 28 U.S.C. § 2680(a); Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

The trial court found the duty of the contractor to the appellant, and the breach of this duty as the proximate cause of the damage complained of. The inspection undertaken was for the owner to check the contractor's compliance with the contract. The inspector's function and duty was to report failures to conform to his superiors. He could not require the contractor to correct the work in any way nor to stop the work. His duty was a reporting one to his superiors, and not to the appellant.

The issue has fairly recently been considered by this court in United States v. Page, 350 F.2d 28 (10th Cir.1965). This cited case concerned contractual safety provisions in a manufacturing plant and inspection by the Government by safety engineer. We there held that the reserved right to inspect plus the exercise of such right by Government employees did not of itself render the Government liable for the deaths of employees of the contractor operating the plant. See also Grogan v. United States, 341 F.2d 39 (6th Cir. 1965); Kirk v. United States, 270 F.2d 110 (9th Cir. 1959); Cannon v. United States, 328 F.2d 763 (7th Cir.1964).

■ Thus in the case before us the right of inspection, and its exercise did not render the Government liable for the negligence of its employee—the inspector. The independent contractor owed the duty to the appellant, he was negligent, and his independent status was intact. The contentions of appellant are answered fully by Page v. United States.

Affirmed.