**UNITED STATES FIDELITY & GUARANTY CO., a Maryland corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 226-70.**

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1971.

William K. Stratvert, Albuquerque, N. M. (Keleher & McLeod, Albuquerque, N. M., with him on the brief), for appellant.

Ronald R. Glancz, Atty., Dept. of Justice (William D. Ruckelshaus, Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., and Robert V. Zener, Atty., Dept. of Justice, with him on the brief), for appellee.

Before SETH, COFFIN *, and DOYLE, Circuit Judges.

PER CURIAM.

Appellant, United States Fidelity & Guaranty Company, brought this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2674, seeking contribution from the United States as a joint tort-feasor with appellant's insured, the C. H. Taylor Company. The trial court found appellant not entitled to recovery, and this appeal was taken.

In 1965, Taylor entered into a contract with the Bureau of Indian Affairs to construct buildings in New Mexico. The appellee designated an inspector for the job whose duty it was to see that the contract specifications were followed and to reject any nonconforming work. He had no authority under the safety provisions of the contract to stop the work if he saw that a dangerous condition existed, but was supposed to report such matters to his superior in Albuquerque who did have such authority. The contractor had the duty to take the necessary safety precautions.

The accident giving rise to this action occurred on Sunday, December 26th.

---

* Of the First Circuit, sitting by designation.

Prior to that day the roof decking and other components of the roof on one of the buildings had been placed in position. The decking, a porous material called Petracal, required a protective covering because of inclement weather, and on December 21st it was covered with felt paper by employees of the C. H. Taylor Company.

The government inspector was on the site that day. He observed the workmen placing lumber and plywood on the felt paper to keep it from blowing off the roof. There were two ventilator holes through the roof and covered with Petracal. These were also covered with the felt along with the rest of the roof. A piece of plywood was placed on top of the felt covering each hole. At the inspector's suggestion, the construction supervisor nailed down the plywood that was on top of the felt covering the holes. At that time the inspector was advised by the prime contractor Taylor that the job would be closed down during the Christmas week, but that the work of finishing the roof would begin as soon as the weather cleared. A subcontractor, Products Associates, Inc., had been engaged by Taylor to do the final roofing of the buildings.

On December 26, 1965, employees of the roofing subcontractor came on the site to clear snow off the roof preparatory to completing it. While one of the employees of the subcontractor was sweeping snow off the roof, he fell through one of the ventilator holes from which the plywood had been removed, but which was still covered with felt paper. He sustained serious injuries and filed suit against the C. H. Taylor Company in the state court. Taylor's insurance company, appellant herein, undertook the defense of that action and ultimately settled with the employee. Subsequently, it brought the present suit seeking contribution from the United States. The prime contract contained the standard indemnity or responsibility clause which provided that the contractor be responsible for all damages to persons resulting from its fault.

After trial to the United States District Court for the District of New Mexico, judgment was entered for the United States on the ground that:

" * * * [A]n owner of premises who has neither reserved nor exercised direction or control over the work being performed by an independent contractor owes no duty to guard an employee of the contractor either against dangers incident to or created by the prosecution of the work or to guard or protect him against the negligence of those who employed him or with whom he worked."

The trial court had found that the United States was not in control of the work, and of equal importance found that the activity was not "an inherently dangerous one" to require the application of the exception in Pendergrass v. Lovelace, 57 N.M. 661, 262 P.2d 231, which stated the typical rule that the owner is not liable where he employs an independent contractor except where work is intrinsically and inherently dangerous. The trial court then followed the New Mexico decisions reflecting the general rule as to the liability of the "owner" for negligence of an independent contractor doing work not inherently dangerous, and in a situation where the owner has not assumed control of the work. The trial court's findings are not clearly erroneous and they are thus accepted on this appeal. The applicable general law and the law of New Mexico is clear and when applied to the findings the result is as reached by the trial court.

On this appeal we also take the trial court's finding as to the degree of danger involved in the "activity" as placing it within the non-exception category described in the cited New Mexico case, and also in Scott v. Murphy Corp., 79 N.M. 697, 448 P.2d 803, and Southern California Petroleum Corp. v. Royal Indemnity Co., 70 N.M. 24, 369 P.2d 407. Also we consider the degree of danger finding as not to place the activity within sections 413 and 416 of the ALI Restatement 2d, Torts. We so hold because the sections are conditioned on the work creating a

"peculiar unreasonable risk of physical harm" or a "peculiar risk of physical harm." These terms are directed to the danger exceptions referred to in the several New Mexico decisions cited above. Thus these Restatement sections do not become operative.

The trial court stated that the government's inspector was as negligent as the contractor; however, since there was no duty owed from the government to the injured person, this conclusion is of no particular significance, and was so treated by the trial court. See Eutsler v. United States, 376 F.2d 634 (10th Cir.), and United States v. Page, 350 F.2d 28 (10th Cir.).

Since the case has been so resolved, we do not consider the arguments relating to the application and interpretation of the Restatement 2d, Torts, §§ 413 and 416, nor do we consider the matter of vicarious liability and the Tort Claims Act. See United States v. Page, *supra*.

Affirmed.