**Paul J. FLYNN, Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee,**

**Employers Insurance of Wausau,
Intervenor.**

No. 78–2027.

United States Court of Appeals,
Tenth Circuit.

Argued July 11, 1980.

Decided Sept. 17, 1980.

L. Taylor Zimmerman, El Paso, Tex., plaintiff–appellant.

Charles N. Estes, Jr., Asst. U. S. Atty., Albuquerque, N.M. (R. E. Thompson, U. S. Atty., Albuquerque, N.M., with him on brief), for defendant–appellee.

Before SETH, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., FTCA. The United States prevailed in the district court, and the plaintiff appeals. We affirm.

Plaintiff–appellant Flynn was injured on February 6, 1975, in an industrial accident at Holloman Air Force Base near Alamogordo, New Mexico. Plaintiff was employed by Dynalectron Corporation which had a contract with the United States to operate a Radar Target Scatter Facility at Holloman. The Air Force directed Dynalectron to take radar measurements of a F–102 Fighter Aircraft. For this purpose a hoist sling device was used to mount the aircraft on 20–foot high styrofoam columns. Both the aircraft and the hoist sling were made by General Dynamics Corporation and sold to the government some years before the incident here involved. The hoist sling failed while the aircraft was being lifted and the fall of the aircraft injured the plaintiff.

Plaintiff sued Dynalectron, General Dynamics, and the United States. Dynalectron was dismissed because of the protection of the New Mexico Workmen's Compensation statute. General Dynamics settled before trial. The district court held that the United States was not liable.

The facts are not disputed. About two years before the accident, the Air Force supplied the hoist sling to Dynalectron. It had been used successfully to raise the aircraft with the wings level. The Air Force required that some of the radar measurements be taken at roll attitudes (where the plane is banked so that one wing is higher than the other) of ten and twenty degrees. To attain the roll attitudes, a mechanical engineer employed by Dynalectron modified the hoist sling. As modified, it successfully raised the plane on several occasions to a roll attitude of ten degrees.

On the day of the accident the Dynalectron crew was trying to roll the aircraft to twenty degrees. The men were using the modified sling hoist and had difficulty in

securing a roll of more than fifteen degrees. Some of the crew pushed on a wing to get the desired roll. The wing eyebolts failed, and the plane fell, injuring plaintiff. When used in the original sling hoist the eyebolts had adequate strength to raise the plane vertically. The effort to attain the twenty degree roll increased the stress on the right eyebolt causing it to break. The increased strain on the left eyebolt caused it to fail also.

The parties presented a stipulation of facts, numerous exhibits and various depositions. After an abbreviated trial, at which four witnesses testified for the plaintiff, the court made findings of fact and concluded that the United States was not liable for the injuries to the plaintiff. The plaintiff was given full opportunity to present facts and legal theories sustaining his claim.

The FTCA provides, 28 U.S.C. § 2672, that the United States is liable for any injury "caused by the negligent or wrongful act or omission of any employee" of a federal agency. Section 2674 provides that the United States shall be liable "in the same manner and to the same extent as a private individual."

Plaintiff accepts the status of Dynalectron as an independent contractor. In *United States v. Page*, 10 Cir., 350 F.2d 28, 34, we held that the United States was not liable for injuries to an employee of an independent contractor. This principle was followed in *Eustler v. United States*, 10 Cir., 376 F.2d 634, 635; *Irzyk v. United States*, 10 Cir., 412 F.2d 749, 751; and *United States Fidelity & Guaranty Co. v. United States*, 10 Cir., 446 F.2d 851, 853.

Plaintiff argues that in New Mexico the independent contractor rule would not bar recovery from a private person under the facts of this case, and, hence, the United States is liable. He distinguishes the Page and Eustler cases on the ground that the events there considered happened in Utah. The *Irzyk* and *United States Fidelity* cases, which arose in New Mexico, are said not to be controlling because of factual differences.

In *Fresques v. Southwestern Ind. Contractors & Riggers, Inc.*, 89 N.M. 525, 554 P.2d 986, cert. denied, 90 N.M. 8, 558 P.2d 620, the New Mexico Court of Appeals held that a general contractor was not liable for the death of an employee of a subcontractor where the general contractor controlled the premises and the accident was caused by the negligence of the subcontractor. The court said that the "place" which the main contractor must keep safe does not include the equipment of the independent contractor. Id. at 992.

*DeArman v. Popps*, 75 N.M. 39, 400 P.2d 215, 221, holds that summary judgment is improper when there was an issue of fact whether the owner's superintendent could have reasonably foreseen danger, whether the independent contractor was negligent, and whether the injured crew member was contributorily negligent.

Plaintiff has several theories of liability. The first is under Restatement 2d, Torts, hereafter Restatement, § 414, which says:

"One who entrusts work to an independent contractor, but who retains control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."

For § 414 to apply the United States must have retained some degree of control over the manner in which the work is to be done. Restatement § 414, Comment c. The general right to inspect and make safety requirements is not enough. Control requires "such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." Id. In the instant case the negligence was that of Dynalectron which modified the hoist sling and then used it. The United States did not design, manufacture, or modify the hoist sling.

FTCA in its definition of "employee" says, 28 U.S.C. § 2671, that the term "does not include any contractor with the United States." *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390, in considering an FTCA claim said:

"A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the physical performance of the contractor.' *Logue v. United States*, 412 U.S. 521, 528, [93 S.Ct. 2215, 2219, 37 L.Ed.2d 121] (1973)."

No evidence shows that the United States knew, or had reason to know, that Dynalectron failed to provide equipment appropriate and safe for the hoisting of the aircraft. In the final analysis, plaintiff's claim of control depends on the government's specification of the roll angles. That is not enough. Dynalectron contracted to do the work safely and it failed to do so. The accident resulted from the modification made by Dynalectron's technicians and the way in which the modified equipment was used. The United States did not control "the physical performance of the contractor."

Restatement § 413, relating to the duty of an employer to take precautions against dangers involved in work entrusted to a contractor, is not applicable because the contract in the instant case required the contractor to take the necessary precautions.

■ Plaintiff argues that the United States is liable because it owned and possessed the site where the accident occurred. The basis for the claim is Restatement § 343. Its subsection (b) says that liability does not exist unless the possessor of land:

"should expect that [the invitees] will not discover or realize the danger, or will fail to protect themselves against it."

Nothing in the record shows that the accident resulted from any condition of the government's air base. Dynalectron modified the sling on its own responsibility without the approval or participation of the United States. The cause of the injury was the negligence of Dynalectron, the employer of the plaintiff.

■ Restatement § 392 relates to the liability of one who supplies a chattel dangerous for an intended use. Its applicability is predicated on "the use of a chattel in the manner for which * * * the chattel is supplied." Dynalectron modified the hoist sling provided by the government. Nothing in the evidence suggests that the device was dangerous if used as originally designed. Indeed, it had been used on several occasions without incident. It became dangerous only after its modification and use by Dynalectron. The government was not a "supplier" within the purview of § 392. See Page, 350 F.2d at 33.

■ Restatement § 427 relates to the liability of one who employs an independent contractor to do work which the employer knows is inherently dangerous and the contractor fails to take reasonable precautions. Plaintiff contends that under the contract the United States had the right to inspect the work of Dynalectron to determine whether Dynalectron was enforcing Air Force safety regulations. Plaintiff says that the safety program was not enforced. The existence of a safety program does not create liability when the contractor, as here, is primarily responsible for safety. Page, 350 F.2d at 31; *Irzyk v. United States*, 412 F.2d at 751. See also *United States v. Orleans*, 425 U.S. 807, 815, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 and *Gibson v. United States*, 3 Cir., 567 F.2d 1237, 1243.

■ Restatement § 416 says that one who employs an independent contractor to do work having a peculiar risk of physical harm is liable when the contractor fails to take reasonable care even though the contract required the contractor to take special precautions. Nothing in the record convinces us that the raising of the plane to the styrofoam columns was inherently dangerous. The failure of the modified hoist sling caused the accident.

■■ Even if the inherently dangerous rule applies and §§ 416 and 427 are read together to impose a liability for a "non–delegable duty," see Restatement, Introductory note to Topic 2 at 394, the United States may not be held liable on any absolute liability theory. *Gibson v. United States*, 3 Cir., 567 F.2d 1237, 1244. The United States can be sued only to the ex-

tent that it has waived its immunity. *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390. "Regardless of state law characterization, the Federal Tort Claims Act itself precludes the imposition of liability if there has been no negligence or other form of 'misfeasance or nonfeasance' . . . on the part of the Government." *Laird v. Nelms*, 406 U.S. 797, 799, 92 S.Ct. 1899, 1901, 32 L.Ed.2d 499 (quoting *Dalehite v. United States*, 346 U.S. 15, 45, 73 S.Ct. 956, 972, 97 L.Ed. 1427).

■ The FTCA does not permit recovery in the case at bar. Dynalectron was not an employee of the United States and did the work in its own way. The United States did not control the details of performance. The negligence of Dynalectron caused the accident. Recovery from the United States may not be had under any theory of absolute liability.

Affirmed.