**John REANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 89–1807.**

United States District Court, E.D. New York.

June 20, 1990.

---

Gramer & Melbardis by Tracy J. Harkins, Coram, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Richard Goldstein, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

John Reany ("plaintiff"), brings this action for injuries sustained in August, 1987, when his arm was burned by steam emanating from a pipe at the Brookhaven National Laboratory ("Brookhaven"). Named as defendant is the United States ("defendant"). Although Brookhaven is owned by defendant, it is operated by Associated Universities, Inc., an independent contractor. Currently before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is granted.

## I.

■ Plaintiff filed a complaint on June 2, 1989, naming the United States Department of Energy ("Department of Energy") as the defendant, and later filed an amended complaint on October 31, 1989, naming the United States as defendant. Pursuant to 28 U.S.C. § 2401(b), plaintiff had six months, after he was notified by a government agency that his claim was denied, within which to commence a tort action against the United States. Plaintiff was notified by the Department of Energy on December 23, 1988 that his claim was denied, and therefore had until June 23, 1989 to commence his action. Plaintiff's original complaint was filed within this period, but there is no indication that the complaint was served on defendant. The amended complaint, which was filed after the requisite six month period, was served on the United States Attorney's Office on November 13, 1989. Defendant moves to dismiss the complaint on the ground that plaintiff failed to complete service within 120 days of the filing of the complaint, as required by Rule 4(j) of the Federal Rules of Civil Procedure ("Rule 4(j)").

Pursuant to Rule 4(j):

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j). *See Reed Holdings, Inc. v. O.P.C. Corp.*, 122 F.R.D. 441, 444–45 (S.D.N.Y.1988); *In Re City of Philadelphia*, 123 F.R.D. 515, 519 (E.D.Pa.1988); *Coleman v. Greyhound Lines*, 100 F.R.D. 476, 477–78 (N.D.Ill.1984). As noted above, plaintiff filed the original complaint on June 2, 1989, but never served the defendant. Defendant was served, however, with an amended complaint on November 13, 1989. Nevertheless, service of the amended complaint took place more than

120 days after June 2, 1989 and, therefore, violated Rule 4(j) of the Federal Rules of Civil Procedure. Plaintiff offers no reason or basis to justify the failure to comply with Rule 4(j).[1]

Moreover, the amended complaint was filed after the requisite six month period mandated by 28 U.S.C. § 2401(b). Section 2401(b) provides that:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Plaintiff was notified by the Department of Energy on December 23, 1988, that his claim was denied in its entirety. As noted above, plaintiff filed his amended complaint on October 31, 1989. Although plaintiff's original complaint was filed within the requisite six month period, the amended complaint was filed after the six month period had expired. Thus, because plaintiff never served defendant with the original complaint, and because plaintiff filed the amended complaint too late, plaintiff has violated both Rule 4(j) and 28 U.S.C. § 2401(b). Accordingly, defendant's motion to dismiss is granted.

## II.

■ Even if plaintiff had properly filed and served the complaint, his argument would still fail on the merits. The United States is not liable for the negligent acts of its independent contractors. 28 U.S.C. § 2671; see also Logue v. United States, 412 U.S. 521, 527–28, 93 S.Ct. 2215, 2219–20, 37 L.Ed.2d 121 (1973). Section 2671 provides that:

"Federal Agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

■ In *Porteous v. Department of Energy*, Docket No. 82–3275 (E.D.N.Y. March 29, 1984) (Wexler, J.), this Court held that an action by a plaintiff who was injured after walking into a glass panel at Brookhaven National Laboratory was barred by sovereign immunity. This Court found that although the Department of Energy retained the right to impose minimum safety requirements, it was still not liable for the acts of independent contractors. *Id.* citing *Market Ins. Co. v. United States*, 415 F.2d 459 (5th Cir.1969); *Irzyk v. United States*, 412 F.2d 749 (10th Cir.1969); *Gowdy v. United States*, 412 F.2d 525 (6th Cir.), *cert. denied*, 396 U.S. 960, 90 S.Ct. 437, 24 L.Ed.2d 425 (1969); *Lipka v. United States*, 249 F.Supp. 213 (N.D.N.Y.1965), *aff'd*, 369 F.2d 288 (2d Cir.1966), *cert. denied*, 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 997 (1967). Furthermore, this Court held that the contract between the independent contractor, Associated Universities, and the Department of Energy, was one merely concerning indemnification and did not create a right of direct action by plaintiff against the Department of Energy. *Porteous*, Docket No. 82–3275 (E.D. N.Y. March 29, 1984).

The present relationship between the Department of Energy and Associated Universities has remained unchanged since *Porteous*, inasmuch as Associated Universities remains responsible for the "operation ... management and maintenance of the laboratory." Defendants's Exhibit 3, Art. III(b)(1). In addition, the contract between the parties requires Associated Universities to "take all reasonable precautions in the performance of the work under this contract to protect the safety and health of employees." Defendant's Exhibit 3, Art. XXV. Thus, this Court finds that Associat-

---

1. The Court further notes that by failing to serve and file an answering memorandum to the motion at bar, plaintiff has violated Rule 3(b) of the Local Rules of the United States District Court for the Eastern District of New York.

Although failure to comply may be deemed sufficient cause for the granting of the motion by default, the Court addresses the motion nonetheless.

ed Universities is an independent contractor, and therefore an action brought against the United States based upon Associated Universities' negligence is barred by sovereign immunity. *See Logue*, 412 U.S. at 527–28, 93 S.Ct. at 2219–20.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is granted.

SO ORDERED.