931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ilan ROTHENBERGER, surviving spouse of Lawrence
Rothenberger, Christine Goodliffe, Larry Kim Roche,
surviving child of decedent in loco parentis and heir of
Lawrence Rothenberger, Annette Soucie, surviving child of
decedent in loco parentis, and heirs of Lawrence
Rothenberger, Plaintiffs-Appellants,
v.
UNITED STATES of America, by and through the United States
Air Force, Defendant-Appellee.
 No. 90-4170.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1991.
 
 Before ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs-appellants Ilah Rothenberger, Christine Goodliffe, Larry Kim Roche, and Annette Soucie (plaintiffs) appeal from the district court's grant of summary judgment in favor of defendant-appellee United States of America (the government). Plaintiffs contend the district court erred in converting the government's motion to dismiss into a motion for summary judgment without giving plaintiffs prior notice. Plaintiffs also assert the district court incorrectly applied the discretionary function exception to relieve the government of liability under the Federal Torts Claims Act. We affirm.
 
 
 3
 Plaintiffs filed this wrongful death action under the Federal Torts Claims Act, 28 U.S.C. Secs. 1346(b), 2671 et seq. (FTCA) following the death of Lawrence Rothenberger. Rothenberger was employed by Morton Thiokol, an independent contractor for the United States. Morton Thiokol builds rocket motors at its facility in Box Elder County, Utah for use by the United States Air Force for its Peacekeeper Missile Project. Rothenberger and four other employees were killed on December 29, 1987 when an explosion or rapid burn disintegrated the building in which they were working.
 
 
 4
 In their complaint, plaintiffs asserted the government was liable for their damages because it was negligent in (1) its supervision and control of Morton Thiokol's operations; (2) allowing inherently dangerous activities to be conducted on its property; (3) failing to establish appropriate design and manufacturing procedures; and (4) supplying dangerous chattels. The government filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It argued the court lacked subject matter jurisdiction because plaintiffs' claims were barred by the discretionary function exception to the FTCA.
 
 
 5
 This motion was referred to a magistrate. Following a hearing, the magistrate filed a Report and Recommendation. The magistrate ruled only plaintiff's claim for negligent supervision and control of Morton Thiokol's operations survived the jurisdictional bar of the discretionary function exception. He stated it could not be determined on the pleadings that no United States employee ever made the discretionary decision not to supervise Morton Thiokol's activities.
 
 
 6
 In its objections to the magistrate's Report and Recommendation, the government noted its sworn answers to plaintiffs' interrogatories indicated the discretionary decision to delegate safety responsibility to Morton Thiokol had been made by the government. These answers to interrogatories had not been available to the magistrate when he rendered his Report and Recommendation. Plaintiffs filed no response to the government's objections.
 
 
 7
 On April 12, 1990, over four and a half months after the government filed its objections, the district court dismissed plaintiffs' claims, concluding they were barred by the discretionary function exception to the FTCA. Plaintiffs filed a motion pursuant to Rule 59 to alter or amend the judgment. Plaintiff Ilah Rothenberger also sought leave to file an amended complaint. The court denied these motions. Plaintiff Ilah Rothenberger then filed a Rule 60(b) motion for relief from judgment, which was also denied. Plaintiffs filed a timely notice of appeal from the district court's orders in this case.
 
 
 8
 The district court properly considered evidence developed in discovery in ruling that it lacked subject matter jurisdiction. We review this question of law de novo. In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1266 (10th Cir.1988). A court may consider matters outside the pleadings in ruling on a Rule (12)(b)(1) motion to dismiss for lack of subject matter jurisdiction. This does not convert the motion into one for summary judgment under Rule 56. Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.), cert. denied, 484 U.S. 986 (1987).
 
 
 9
 If a court does consider factual matters outside the record on a Rule 12(b)(1) matter, it must do so in a manner that is fair to the party opposing the motion. Rogers v. Stratton Indus., 798 F.2d 913, 916 (6th Cir.1986). In the present case, plaintiffs had several months to respond to the government's objections to the magistrate's Report and Recommendations. There was sufficient opportunity for plaintiffs to conduct further discovery in an attempt to rebut the government's assertions on this matter. We find no error in the district court's manner of handling this motion.
 
 
 10
 The district court properly concluded all of plaintiffs' claims were barred by the discretionary function exception to the FTCA. We review the district court's subject matter jurisdiction determination de novo. Weiss v. United States, 889 F.2d 937, 938 (10th Cir.1989).
 
 
 11
 Plaintiffs contend their claim against the government for negligent supervision and control of Morton Thiokol's operations is not barred by the discretionary function exception. They argue the government had a nondelegable duty to maintain a safe workplace and must be held liable for its failure to fulfill this duty.
 
 
 12
 This court has specifically rejected the inherently dangerous activity doctrine as a basis for imposing liability under the FTCA. See Flynn v. United States, 631 F.2d 678, 681 (10th Cir.1980); United States v. Page, 350 F.2d 28, 33 (10th Cir.1965), cert. denied, 382 U.S. 979 (1966). The government's operation of the Peacekeeper Missile Project, including the delegation of responsibility for the design, implementation, and enforcement of safety programs and procedures to the contractor, was a permissible exercise of policy-grounded judgment. Berkovitz v. United States, 486 U.S. 531, 536-37 (1988); Zumwalt v. United States, No. 89-3173, slip op. at 9 (10th Cir. Mar. 20, 1991). The government has not waived its immunity from tort actions arising out of such conduct. We therefore AFFIRM the rulings of the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3