Leo CRAGHEAD, Appellant,

v.

UNITED STATES of America, Appellee.

Junior SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 281–69, 282–69.

United States Court of Appeals, Tenth Circuit.

March 17, 1970.

David E. Deatherage, Tulsa, Okl., for appellants.

Leonard Schaitman, Dept. of Justice (William D. Ruckelshaus, Asst. Atty. Gen., Richard A. Pyle, U. S. Atty., and Morton Hollander, Dept. of Justice, on the brief), for appellee.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

These two tort claim actions are considered together here as they were below, since the circumstances in each are essentially the same and the controlling principles of law are identical. After both cases had become at issue, special interrogatories had been answered and pre-trial conferences had been held, the trial court granted summary judgments in favor of the defendants. Whether the summary judgments were appropriate and justified upon the record before the trial court under Federal Rules of Civil Procedure 56 is the sole question presented here.

In the first case, plaintiff Craghead was injured on June 28, 1968 while employed as a carpenter-welder by Perini-M-K-Leavell, an independent contractor who was employed by the government for work on the Robert S. Kerr Lock and Dam, Sallisaw, Oklahoma. He was acting in the course of his employment when a scaffold on which he was standing fell. It was asserted by Craghead, and we shall assume, that one of the bolts horizontally protruding from the base of a concrete pourer on which this scaffold or board rested was a "dummy bolt" without threads on it and that this "dummy bolt" was the reason the accident occurred. It is not questioned that the contractor was negligent. Craghead further claims that the United States through its Corps of Engineers "had the duty or undertook the duty to maintain and enforce safety standards and to inspect the work places, machinery and equipment used by the employee and to advise, report, counsel and recommend to the employer the existence of any unsafe, dangerous, hazardous or negligent condition thereabout and that such inspections were planned, periodic and directed to the safety of the employees on the project, including the welder-carpenter systems covered by plaintiff's employer's contract," and hence is liable under the Tort Claims Act, 28 U.S.C.A. § 1346(b).

The assignments of negligence are proliferated in the complaint but all relate to the basic claims that the Corps of Engineers negligently failed in their claimed duty to provide a safe place to work, to supervise and inspect safety measures and to enforce safety standards, particularly in view of the inherently dangerous nature of the work contracted. In answer to an interrogatory

concerning the basis of any claimed negligence by the government, the plaintiff Craghead simply referred to the allegations of his complaint.

Turning to the facts of the second case, plaintiff Smith was employed by Dravo Corporation in the State of Arkansas as a pile driver foreman on the same project as Craghead but at a different dam site. On July 31, 1966, Smith with other contractor's employees was engaged in removing a wooden template. For a time he was upon the workdeck of the template, but as the template was being raised, he started down an attached ladder. Nails pulled out allowing the bottom of the ladder to swing under and causing plaintiff to be thrown onto the ground. Smith's claims regarding negligence are precisely those of Craghead.

In regard to both cases, the trial court upon motions for summary judgment held that United States v. Page, 350 F.2d 28 (10th Cir. 1965), cert. denied, 382 U.S. 979, 86 S.Ct. 552, 15 L.Ed.2d 470 (1966), was controlling against the plaintiffs who are the appellants here. We agree that the cases were ripe for summary judgment and that there is no indication on the record that there were any preclusive issues of material fact to be explored upon trial.

Full exploration of the position of the parties was conducted by interrogatories and at the pre-trial conference. There was nothing shown below, nor is there anything advanced here to suggest that the contracts here are in any determinative respect different from the contract which was involved in Page. Appellants seek to avoid the application of Page on the grounds that the Page case does not stand for the proposition that "under no circumstances will an action be available to such an employee"; while the contractor in Page had complete control of the job site, the circumstances in the present cases were that "there was a duty on the part of the government and the Corps of Engineers of the Army to exercise reasonable care in the performance of the service which was voluntarily undertaken by them in the contract and in the practical operation of the construction enterprise"; that the theory of liability here is essentially different from the theory advanced in Page; and finally the government could be held liable here without making it accountable for the negligence of an independent contractor.

Similar arguments were unsuccessfully advanced in Eutsler v. United States, 376 F.2d 634 (10th Cir. 1967). See also, Irzyk v. United States, 412 F.2d 749 (10th Cir. 1969); Roberson v. United States, 382 F.2d 714 (9th Cir. 1962); Wright v. United States, 404 F.2d 244 (7th Cir. 1968). Compare Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), and in a private employer context see also Parsons v. Amerada Hess Corporation, 422 F.2d 610 (10th Cir. 1970). It is unnecessary to speculate on what circumstances, if any, would justify a departure from this line of authorities except to say that no such possible circumstances are suggested in the record before us. Exclusive control of the worksite, which plaintiffs argue is essential to the holding in the Page case, appears not distinguishable in principle from the pertinent control which the contractors exercised over the ladder and scaffold in question here. Although in both cases before us the right of inspection and the right to enforce certain safety measures specified in the contracts were reserved by the government, in neither case is there any indication or claim that the right of control over employees of the independent contractors was reserved by the government. No Oklahoma case has been cited, nor have we been able to find one, to suggest that local law there changed the situation in any respect. The experienced Oklahoma trial judge saw no reason to depart from the general rule in the Craghead case, nor do we. With reference to Smith in Arkansas, the local rule does not appear to be significantly different. Hopson v. United States, 136 F.Supp. 804 (W.D.Ark.1956), cited in Page, 10 Cir., 350 F.2d 28, 32.

Affirmed.