905 F.2d 312
 CREEK NATION INDIAN HOUSING AUTHORITY, et al., Plaintiffs,
v.
UNITED STATES of America, Explosive Transports, Inc., Empire
Insurance Company, Dolly Madjenovich, and Leslie
Okerstrom, Defendants,
EXPLOSIVE TRANSPORTS, INC. and Empire Insurance Company,
Third Party Plaintiffs-Appellants,
v.
UNITED STATES of America, Third Party Defendant-Appellee,
and
Ford Motor Company, Third Party Defendant.
 Nos. 88-1525, 88-1527, 88-1534, 88-1537 to 88-1539, 88-1541
to 88-1544, 88-1546 to 88-1552, 88-1554 to
88-1556, 88-1559, 88-1561 to 88-1563,
and 88-1565 to 88-1568.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 22, 1990.
 
 Michael J. Masterson and Ray H. Wilburn, of Wilburn, Masterson & Holden, Tulsa, Okl., for third party plaintiffs-appellants.
 John R. Bolton, Asst. Atty. Gen., Roger Hilfiger, United States Atty., Robert S. Greenspan and Michael E. Robinson, Attys., Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for third party defendants-appellees.
 Before MOORE and TACHA, Circuit Judges, and KANE,* District Judge.
 TACHA, Circuit Judge.
 
 
 1
 Explosive Transports, Inc. (ETI), appeals the order of the district court granting summary judgment against its Federal Tort Claims Act action against the United States. 677 F.Supp. 1120. ETI contends the district court erred in determining that the government's conduct falls within the discretionary function exception to the FTCA, 28 U.S.C. Sec. 2680(a).[1] We affirm.
 
 
 2
 This case arose out of the explosion of three 2000 pound bombs. A truck operated by ETI was transporting ten 2000 pound bombs under contract with the government when it was rear-ended by a car. The car's fuel tank ruptured on impact, causing both the car and the truck to catch fire. The heat from the fire caused three of the ten bombs to explode, resulting in extensive property damage.
 
 
 3
 ETI suggests that the government was negligent in designing the bombs, which it contends is a non-discretionary function not shielded by section 2680(a). We disagree. In Boyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988), the Supreme Court held:
 
 
 4
 We think that the selection of the appropriate design for military equipment to be used by our Armed Forces is assuredly a discretionary function within the meaning of [section 2680(a) ]. It often involves not merely engineering analysis but judgment as to the balancing of many technical, military, and even social considerations, including specifically the trade-off between greater safety and greater combat effectiveness.
 
 
 5
 Id. at 510-13, 108 S.Ct. at 2517-18. The government's choice of design for the 2000 pound bombs clearly falls within the "selection of the appropriate design for military equipment" aspect of the discretionary function exception.
 
 
 6
 ETI also contends that the district court's order erred by foreclosing discovery before ETI could ascertain the violation of a nondiscretionary duty. ETI's contention is not well taken. Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), stands for the proposition that the government must follow regulatorily approved procedures where they exist, and that the government cannot raise the discretionary function exception where it has failed to follow such procedures. Id. at 541-45, 108 S.Ct. at 1962-63. ETI has not cited us any nondiscretionary duties imposed upon the government in this case. We have reviewed the regulations and have not found any imposing a nondiscretionary duty applicable to the case at bar. Moreover, the only suggestion as to such a duty made by ETI, possible negligence in the inspection of ETI's trucks, is precisely the kind of discretionary government action section 2680(a) is meant to protect. See id. 108 S.Ct. at 1963-64 ("the discretionary function exception bars any claims that challenge the Bureau's formulation of policy as to the appropriate way in which to regulate the release of vaccine lots. In addition, if the policies and programs formulated by the Bureau allow room for implementing officials to make independent policy judgments, the discretionary function exception protects the acts taken by those officials in the exercise of this discretion."); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 819-20, 104 S.Ct. 2755, 2767-68, 81 L.Ed.2d 660 (1984) ("The FAA's implementation of a mechanism for compliance review is plainly discretionary activity of the 'nature and quality' protected by Sec. 2680(a). When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary authority of the most basic kind.... It follows that the acts of FAA employees in executing the 'spot-check' program in accordance with agency directives are protected by the discretionary exception as well.") (emphasis added). The government's administration of the truck compliance testing procedure in this case is indistinguishable from the situation in Varig Airlines.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John L. Kane, Jr., District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument