Joseph WEISS, Jr. and Brigitte Weiss,
Plaintiffs–Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 88–1583.

United States Court of Appeals,
Tenth Circuit.

Nov. 16, 1989.

Shelley B. Don (Watson W. Galleher with him on the briefs), Denver, Colo., for plaintiffs-appellants.

William G. Pharo, Jr., Asst. U.S. Atty. (Michael J. Norton, Acting U.S. Atty., with him on the brief), Denver, Colo., for defendant-appellee.

Before HOLLOWAY, Chief Judge, SEYMOUR, and ANDERSON, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

On August 23, 1976, a helicopter piloted by plaintiff-appellant Joseph Weiss, Jr., crashed in the Buckskin Canyon area of Pike National Forest after striking an aerial tramway cable suspended approximately 150 feet above the ground. The upper end of the tramway, and about two-thirds of the cable (including the point of impact), extended over federal land.

Weiss sued defendant-appellee United States of America, seeking damages under the Federal Tort Claims Act ("FTCA") for the injuries he sustained in the crash. Plaintiff-appellant Brigitte Weiss sought damages for loss of consortium. They made two claims for relief. Their negligence claim based upon the failure of the National Oceanic and Atmospheric Administration ("NOAA") to depict the cable as an obstruction on the Denver Sectional

Aeronautical Chart was dismissed under the discretionary function exception to the FTCA. Their premises liability claim was dismissed on the grounds that Colorado law imposed no duty on the United States Forest Service ("Forest Service" or "USFS") to remove the cable or warn the public of its existence. On appeal, the dismissal of the first claim was affirmed, but the court found that a Colorado landowner could have a duty in this situation and reinstated the second claim. *See Weiss v. United States*, 787 F.2d 518 (10th Cir.1986).

■ On remand, the government raised the discretionary function exception. After a hearing, the United States District Court for the District of Colorado dismissed the suit. The only issue before us is the applicability of the discretionary function exception. The district court's determination that it lacked subject matter jurisdiction under the exception is reviewed *de novo*. *McMichael v. United States*, 856 F.2d 1026, 1031 (8th Cir.1988); *Starrett v. United States*, 847 F.2d 539, 541 (9th Cir.1988). We affirm the judgment against the Weisses.

The FTCA authorizes suits to recover for personal injuries caused by federal employees in cases "where the United States, if a private person, would be liable." 28 U.S.C. § 1346(b). One exception to this waiver of sovereign immunity is "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C. § 2680(a).

### I.

"[T]he discretionary function exception will not apply when a federal statute, regulation, or *policy* specifically prescribes a course of action for an employee to follow." *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988) (emphasis added); *see also Ayala v. Joy Manufacturing Co.*, 877 F.2d 846, 848 (10th Cir.1989). The Weisses contend that the discretionary function exception does not bar their claim because the failure to mark or remove the tramway cable violated section 5714.16 of

the Forest Service Manual. We agree with the trial court's decision that that section had "no applicability to this case." Memorandum Opinion and Order, Jan. 6, 1988, R. Vol. I at Tab 11, p. 4.

■ Section 5714.16, part of Title 5700—Air Operations, provides as follows:

*"Hazards.* The officer in charge, with the assistance of the Regional, Forest, or project air officer, *will make every effort to locate and eliminate air hazards. This applies to natural and manmade hazards. If they cannot be eliminated, they will be marked,* and air personnel informed of the potential danger. Future construction of powerlines, towers, tall buildings, and similar structures on National Forest land, should be planned so as to minimize or eliminate air hazards.

Each Forest should maintain a current flight hazard map showing flight hazards marked in red ink and located as accurately as possible. This should be used for briefing flight crews for any low-level air operation.

In event two or more aircraft on different missions arrive over a fire simultaneously without preestablished priorities, the following will be the standard order of mission priority: smokejumpers and their equipment, air-tanker operations, helicopter operations, aircargo, and reconnaissance. As each mission is completed, the pilot thereof will inform remaining crews.

Other areas should be restricted if, in the opinion of the air officer or pilots, a special hazard exists."

Were we to accept the Weisses' invitation to read the highlighted language out of context, we might agree that the Forest Service lacked discretion to leave the tramway unmarked. However, ostensibly mandatory provisions must be read "in their entirety," *Dube v. Pittsburgh Corning*, 870 F.2d 790, 793 (1st Cir, 1989), and such a reading indicates that section 5714.16 applies only to operations, such as fire suppression missions, conducted by the Forest Service or its contractors. This can be

seen from the reference in the first paragraph to the "officer in charge," which means the officer in charge of a particular mission, *see, e.g.,* R. Vol. II at 52–53 (testimony of William Munro, Forest Service aviation specialist); *id.* at 80 (testimony of Gary Cargill, Regional Forester for the Rocky Mountain Region),[1] and from the third and fourth paragraphs.

Joseph Weiss was not on a Forest Service operation when the accident occurred. Buckskin Canyon was not the site of any such operation at that time. Section 5714.-16 did not govern the situation and consequently was not violated. Therefore, it cannot be the basis of a finding that the Forest Service's conduct was not discretionary. *See Dube v. Pittsburgh Corning,* 870 F.2d at 793.

## II.

■ Under 14 C.F.R. § 77.23(a)(1), a Federal Aviation Administration ("FAA") regulation, no object less than 500 feet above ground level is an obstruction. This was the Forest Service's policy regarding what objects should be removed for the safety of civil aviation. *See, e.g.,* R. Vol. II at 44–47 (testimony of Munro). Because the cable was only 150 feet in the air, it was consonant with Forest Service policy for it to be left unmarked.

The decision to adopt the FAA provision was an exercise of "discretionary regulatory authority of the most basic kind." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 819–20, 104 S.Ct. 2755, 2767–68, 81 L.Ed.2d 660 (1984); *accord, e.g., Collins v. United States,* 783 F.2d 1225, 1229 (5th Cir.1986); Comment, *The Discretionary Function Exception and Mandatory Regulations,* 54 U.Chi.L.Rev. 1300, 1332 (1987) ("The discretion of the government in promulgating, or failing to promulgate, regulations is unquestioned."). Conforming with a discretionary policy "insulates the governmental action from review." *Allen v. United States,* 816 F.2d 1417, 1426 n. 2 (10th Cir.1987) (McKay, concurring), *cert. denied,* 484 U.S. 1004, 108 S.Ct. 694, 98 L.Ed.2d 647 (1988).

## III.

Finally, the Weisses argue that notwithstanding the discretionary nature of the Forest Service's decision to abide by the FAA regulation, this court's decision in *Smith v. United States,* 546 F.2d 872 (10th Cir.1976), prevents us from deeming the failure to remove or highlight the cable to be a discretionary function.

In *Smith,* the plaintiff was burned when the ground on which he was standing over a hot thermal pool in Yellowstone National Park collapsed. This occurred in a portion of the park which the Park Service had decided to leave undeveloped. No warning signs were posted. The court decided that even if the decision to leave the area undeveloped was an exercise of discretion, the government was not necessarily relieved of its duty to erect warnings or safety devices. The court then held that the decision not to warn did not involve the exercise of discretion. *Id.* at 877; *see also Boyd v. United States ex rel. United States Army, Corps of Engineers,* 881 F.2d 895, 898 (10th Cir.1989). In a footnote, the court noted that "policy decisions are within the [discretionary function] exception. However, *separate* determinations on individual safety devices and warnings [sic] signs are not on the same footing." *Smith v. United States,* 546 F.2d at 877 n. 5-a (emphasis added).

The Weisses argue that the Forest Service's failure[2] to remove the tramway cable or mark it so as to make it more visible to air traffic must be considered independently of the decision to abide by the FAA regulation, and cannot be deemed an exercise of discretion.

We disagree. The court in *Smith* found that the general decision to leave an area undeveloped was separate from the specific

---

1. Of course, we are not bound by the subjective interpretations of the officials operating pursuant to the Manual. *See Dube v. Pittsburgh Corning,* 870 F.2d at 793 n. 4. In this case, though, our understanding of the directive comports with theirs.

2. It is irrelevant whether the Forest Service deliberately decided to leave the cable as it was or simply never considered the issue. *Allen v. United States,* 816 F.2d at 1422 n. 5.

decision that the crust covering the thermal pools was not so dangerous that warnings or other remedial measures were needed. In this case, however, the decision that all objects less than 500 feet above the ground were not obstructions inherently involved a decision that the tramway cable was not a hazard which required action by the Forest Service. Unlike the two decisions in *Smith*, the decision to leave the cable as it was was a direct and inevitable consequence of the decision to abide by the FAA regulation.

To apply *Smith* in such a situation would render the decision to adopt the FAA policy, which clearly was an exercise of discretion, completely irrelevant. "The discretionary policy choice itself included the choice not to warn," so the failure to warn was also an exercise of discretion. *Boyd v. United States ex rel. United States Army, Corps of Engineers*, 881 F.2d at 901 (Tacha, dissenting). The Forest Service decision does not lose its discretionary nature simply because an effect of that decision would be considered non-discretionary in other circumstances.

For the reasons stated above, the judgment of the district court is AFFIRMED.