967 F.2d 1463
 15 O.S.H. Cas. (BNA) 1633, 15 O.S.H. Cas. (BNA) 1768,
1992 O.S.H.D. (CCH) P 29,742
J. Kent DANIELS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-1042.
 United States Court of Appeals,
Tenth Circuit.
 June 25, 1992.
 
 1
 Jean E. Dubofsky, Williams & Trine, P.C., Boulder, Colo. (William A. Trine, Williams & Trine, P.C., with her on the brief), for plaintiff-appellant.
 
 
 2
 Elizabeth A. Strange, Trial Atty. (Stuart M. Gerson, Asst. Atty. Gen., Phyllis J. Pyles, Asst. Director, Michael J. Norton, U.S. Atty., with her, on the brief), U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.
 
 
 3
 Before BRORBY and McWILLIAMS, Circuit Judges, and ALLEY*, District Judge.
 
 
 4
 ALLEY, District Judge.
 
 
 5
 On September 11, 1984, plaintiff, while working in a lumber mill, was seriously injured when an end blade on a trimmer saw flew off its motor shaft, went through a wire mesh screen, and hit him on the legs. Plaintiff's employer was issued a citation by the Occupational Safety and Health Administration ("OSHA") for violating 29 C.F.R. § 1910.265(e)(4)(ii)(b), the regulation that pertains to the guarding required for end blades on trimmer saws. Plaintiff asserts that the United States is liable for his injuries under the Federal Torts Claims Act ("FTCA") because OSHA was negligent in its inspection of the mill on February 4, 1981, and that this negligence was the cause in fact of his injuries. See generally 28 U.S.C. §§ 1346(b), 2671, et seq.
 
 
 6
 After presentation of plaintiff's case in chief, the trial court dismissed his action for lack of subject matter jurisdiction. The court reasoned that the United States' was immune from tort liability under the discretionary function exception to the FTCA. 28 U.S.C. § 2680(a). Plaintiff appeals this judgment of dismissal. We affirm.
 
 I.
 Standard Of Review
 
 7
 The district court's determination that it lacked subject matter jurisdiction under the discretionary function exception to the FTCA is reviewed de novo. Weiss v. United States, 889 F.2d 937, 938 (10th Cir.1989); McMichael v. United States, 856 F.2d 1026, 1031 (8th Cir.1988); Starrett v. United States, 847 F.2d 539, 541 (9th Cir.1988).
 
 II.
 Discretionary Function Exception
 
 8
 The FTCA authorizes suits to recover for personal injuries caused by federal employees in cases "where the United States, if a private person, would be liable." 28 U.S.C. § 1346(b). One exception to this waiver of sovereign immunity is the discretionary function exception, which precludes liability for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C. § 2680(a).
 
 
 9
 The discretionary function exception evidences congressional intent to "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense ("Varig Airlines"), 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984). The Supreme Court refined this concept by stating that "the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988) (emphasis added); see also Ayala v. Joy Manufacturing Co., 877 F.2d 846, 848 (10th Cir.1989); accord Weiss v. United States, 889 F.2d 937, 938 (10th Cir.1989). "In sum, the discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." Berkovitz, 486 U.S. at 537, 108 S.Ct. at 1959.
 
 III.
 OSHA's Safety Regulation
 
 10
 The statement of congressional findings in the Occupational Safety and Health Act clearly indicate that OSHA regulations are "grounded in social, economic, and political policy." Varig Airlines, 467 U.S. at 814, 104 S.Ct. at 2765. "Congress finds that personal injuries and illnesses arising out of work situations impose a substantial burden upon, and are a hindrance to interstate commerce in terms of lost production, wage loss, medical expenses, and disability compensation payments." 29 U.S.C. § 651. OSHA's regulatory scheme is derived from Congress' economic and social policies that insure safety in the work place.
 
 
 11
 The portion of the OSHA regulation cited by plaintiff provides that "[t]he end saws on the trimmer shall be guarded." No kind of guard is specified in regulations. 29 C.F.R. § 1910.265(e)(4)(ii)(b). On February 4, 1981, an OSHA inspector instructed plaintiff's employer to remove the existing wood guard from its trimmer saw and replace it with a wire mesh guard. After the accident, other OSHA inspectors cited plaintiff's employer for violating the same regulation. These OSHA inspectors found that the wire mesh guard was not in compliance with the regulation at issue here. What complies and what does not is obviously left to judgment and discretion.
 
 
 12
 While the regulation is phrased in mandatory language, the initial OSHA inspector was exercising discretion when he ordered the wood guard replaced by a wire mesh guard. The regulations not only omit to delineate which materials are and are not appropriate for the guard, but omit to specify the harm the guard is intended to deter. Textual references in the regulations suggest that the purpose of the guard may have been to protect workers from flying debris, nails, or wood chips, and not the eventuality of the blade's flying off its holder. Determination of the adequacy of any guard is in the eye of the individual who inspects the saw.
 
 
 13
 The conduct of the OSHA inspector cannot be discretionary "unless it involves an element of judgment or choice." Berkovitz, 486 U.S. at 537, 108 S.Ct. at 1959. Judgment and choice on the part of the inspector is the focus of the analysis, and not the fact that discretion is exercised in negligent manner. Barnson v. United States, 816 F.2d 549, 553 (10th Cir.1987). The OSHA inspector at issue exercised just such judgment and choice when he recommended a mesh guard for the end saw. His actions were "discretionary regulatory authority of the most basic kind." Varig Airlines, 467 U.S. at 819-20, 104 S.Ct. at 2767. Hence, under the circumstances of this case, we find the United States immune from tort liability under the discretionary function exception to the FTCA.
 
 Conclusion
 
 14
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation