Lillian **WALLACE**, Individually and as Personal Representative of the Estate of Aaron E. Wallace, Deceased, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

No. 6:95–CV–324 MV/WWD.

United States District Court,
D. New Mexico.

April 9, 1996.

---

J.W. Anderson, Carlsbad, NM, for Plaintiff.

Marilyn S. Hutton, Edwin Godley Winstead, Phyliss A. Dow, Albuquerque, NM, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

VAZQUEZ, District Judge.

**THIS MATTER** comes before the Court on Defendant's March 8, 1996 Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(b)(1) or 56 of the Federal Rules of Civil Procedure. [**Doc. Nos. 44 and 45**].

Defendant seeks dismissal under Rule 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction pursuant to the "discretionary function" exception to the Federal Tort Claims Acts ("FTCA"), 28 U.S.C. § 2680(a). In the alternative, Defendant seeks summary judgment under Rule 56 on the ground that there is no triable issue as to any material fact.

Pursuant to the local rules, I conclude that this matter may be resolved on the parties' submissions, therefore I will decide these motions without oral argument. D.N.M.L.R.–Civ. 7.8. Having carefully considered the pleadings and the applicable law, I find that Defendant's motion is well taken and should be **GRANTED.**

### BACKGROUND

This action is a tort claim for wrongful death and loss of spousal consortium against

the United States under the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.* On January 26, 1994, a Small Business Administration construction contract was entered between the federal Bureau of Reclamation ("BOR") and INCA Construction Company, Inc. ("INCA").[1] INCA was operating as an independent contractor.[2]

Pursuant to the contract, INCA was to construct a channel to control arroyo water flow into the Pecos River near Carlsbad, New Mexico.[3] The contract work area was situated on federal land where the presence of a natural gas pipeline owned by El Paso Natural Gas Company was known. The contract also required INCA to be responsible for project safety requirements.[4] Accordingly, on March 15, 1994, INCA summoned an El Paso Natural Gas Company line spotter to the site to identify the depth and alignment of the natural gas pipeline. On March 28, 1994, Aaron Wallace, an INCA employee, struck and ruptured the pipeline while operating a bulldozer and was killed by the resulting explosion and fire.

Plaintiff's Complaint alleges that the United States was negligent in locating the depth of the pipeline. Defendant, however, asserts that Plaintiff's claim is barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and therefore this Court lacks subject matter jurisdiction over the suit. *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

### DISCUSSION

#### The Discretionary Function Exception To The FTCA

The FTCA authorizes civil suits against the United States

... for money damages ... for injury or loss of property, or personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

1. Defendant's Exhibit A.

2. Defendant's Exhibit B.

28 U.S.C. § 1346(b). This waiver of sovereign immunity is, however, limited by the discretionary function exception, which prohibits any claim against the United States

... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

■ The discretionary function exception "marks the boundary between Congress's willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 808, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

■ Therefore, the application of this exception is a threshold jurisdictional issue which precedes any negligence analysis. *Johnson v. United States of America, Department of Interior,* 949 F.2d 332, 335 (10th Cir.1991). If the discretionary function exception applies to the challenged governmental conduct, the United States retains its sovereign immunity and the district court lacks subject matter jurisdiction to hear the suit. *Id.*

#### Two–Part Test For Application Of The Discretionary Function Exception

■ The Tenth Circuit applies the two-part test set forth in *Berkovitz v. United States,* 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), to guide application of the discretionary function exception. *Johnson,* 949 F.2d at 336. Accordingly, the Court must **first** consider whether the action is a matter of choice for the acting employee. *Berkovitz,* 486 U.S. at 536. Conduct that does not involve an element of choice or judgment on the part of the government employee cannot be discretionary conduct. *Id.*

3. Defendant's Exhibit B, Contract ¶¶ 1.1.1, 1.1.2.

4. Defendant's Exhibits B and C.

The discretionary function exception does not shield conduct that is specifically mandated by a federal statute, regulation, or policy. *Id.* Therefore, the initial task in applying the *Berkovitz* framework is to ascertain the precise governmental conduct at issue. *Varig Airlines,* 467 U.S. at 813. The nature of the conduct rather than the status of the actor governs whether the first element of the discretionary exception applies in a particular case. *Id.*

**Second,** if the conduct at issue involves discretionary judgment, the Court must determine whether that judgment is the kind that the discretionary function exception was designed to shield. *Berkovitz,* 486 U.S. at 537. The discretionary function exception protects only governmental actions and decisions based upon considerations of public policy. *Id.*

### Delegation Of Safety To A Contractor And Project Inspection Decisions Are Protected

Courts have generally held that the government's decision to delegate responsibility for safety to its contractor, as the BOR clearly did here, is protected by the FTCA discretionary function exception. *See, e.g., Domme v. United States,* 61 F.3d 787 (10th Cir.1995); *Varig Airlines,* 467 U.S. at 820; *Creek Nation Indian Housing Authority v. United States,* 905 F.2d 312, 314 (10th Cir.1990).

It is furthermore well settled that government decisions such as the design, inspection, and maintenance of a project cannot constitute the basis for tort liability against the United States. *See, e.g., United States v. Page,* 350 F.2d 28 (10th Cir.1965); *Russell v. United States,* 763 F.2d 786 (10th Cir.1985); *Flynn v. United States,* 631 F.2d 678 (10th Cir.1980); *Craghead v. United States,* 423 F.2d 664 (10th Cir.1970); *Irzyk v. United States,* 412 F.2d 749 (10th Cir.1969); *Daniels v. United States,* 967 F.2d 1463 (10th Cir.1992).

### Application Of The FTCA Discretionary Function Exception To This Case

#### Step One—Discretionary Conduct

In this case, Plaintiff alleges that the United States was negligent in locating the depth of the pipeline.[5] Plaintiff cites BOR Construction Safety Standards, Paragraph 22.1.3,[6] as the basis of her contention that the BOR was specifically mandated by federal statute, regulation, or policy to locate the pipeline depth. Paragraph 22.1.3 sets out "preliminary inspection" steps as follows:

> [P]rior to excavation, the site shall be thoroughly inspected to determine conditions requiring special safety measures. The location of underground installations such as sewer, telephone, gas, water, electric lines, etc., shall be determined and plainly staked. Necessary arrangements shall be made with the utility company or owner for the protection, removal, or relocation of the underground installations. In such circumstances, excavation shall be done in a manner that does not endanger the underground installation or the employees engaged in the work. Utilities left in place shall be protected by barricading, shoring, suspension, or other measures as necessary.

*Id.*

This standard reflects the BOR's intent to promote worker's safety at excavation sites by policing contractor compliance with safety standards and procedures for the location of underground installations. To further this policy, the standard requires inspection to appraise safety requirements and measures. On its face, this BOR standard allows BOR employees to use discretion to ensure that "excavation shall be done in a manner that does not endanger the underground installation or the employees engaged in the work," and that utilities left in place are protected are by any measures necessary. *Id.*

Moreover, this standard does not provide specific direction or responsibility for locating the depth of underground pipelines, nor does it specify the precise manner to be used in doing so. Rather, this standard allows BOR inspectors discretion in ensuring the location and protection of underground installations as well as worker safety. In other words, this standard clearly provided BOR inspectors with choice and discretion in policing INCA's compliance with safety standards

---

**5.** Plaintiff's Complaint, ¶ 9.

**6.** Plaintiff's Exhibit P.

and procedures for location of the gas pipeline.

### Step Two—Choices Based Upon Policy Considerations

Having concluded that the BOR site inspection scheme at issue here involved discretionary judgment, I must next determine whether it is the "kind that the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536. The Supreme Court has determined that Congress intended the discretionary function exception to shield governmental decisions based upon considerations of social, economic, and political policy. *Id.* at 536–37. The Court has further determined that

> [W]hen established governmental policy ... allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion ... The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred ... but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*United States v. Gaubert*, 499 U.S. 315, 324–25, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

I conclude, for several reasons, that the BOR's choices with regard to its excavation site inspection program were based upon policy considerations. First, the inspection standard set forth above requires BOR inspectors to consider protection of utility installations, public safety, worker safety, and protection of government property in overseeing determination of required safety measures. Second, the record reflects that INCA was primarily responsible under its contract with the BOR for safety at the Carlsbad excavation site, and that BOR inspectors had only an oversight role.[7]

Third, the nature of the decision to delegate responsibility for safety to INCA indicates it is susceptible to policy analysis, such as balancing safety concerns against limited government resources. *See Domme v. United States*, 61 F.3d at 792; *Johnson v. United States*, 949 F.2d at 339. Finally, virtually nothing in the record rebuts the presumption that the government's decisions and actions in this case were grounded in policy. *See Kiehn v. United States*, 984 F.2d 1100, 1102 (10th Cir.1993).

### CONCLUSION

The United States retains its sovereign immunity in this case because the discretionary function exception to the FTCA protects the BOR's decision to delegate responsibility for safety to INCA, its contractor, as well as the discretionary BOR site safety inspection standard.

The Court need not reach Plaintiff's factual allegations concerning negligence, since they are irrelevant to the threshold issue whether BOR officials' actions are shielded from liability by the discretionary function exception. *Johnson v. United States*, 949 F.2d at 340.

The conduct at issue here clearly involved the permissible exercise of policy judgment, therefore governmental immunity is preserved under 28 U.S.C. § 2680(a), whether or not the discretion involved might have been abused. Accordingly, I must dismiss this cause of action for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss this case shall be **GRANTED WITH PREJUDICE** as to the United States.

---

7. Defendant's Exhibits B and C.