**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY FULLMER, as the
conservator and husband for and on
behalf of DEANNA FULLMER, an
incapacitated person, and DEANNA
FULLMER,

     Plaintiffs-Appellants,

vs.

UNITED STATES OF AMERICA,

     Defendant-Appellee.

No. 97-4136
(D.C. No. 95-CV-9)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **KELLY**, and **MURPHY**, Circuit Judges.

---

Jerry and Deanna Fullmer brought this medical malpractice action against

the government under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b),

as a result of injuries suffered by Mrs. Fullmer while being treated by medical

personnel at a military clinic. Following a two week bench trial, the district court

ruled against the Fullmers on each of their claims, and this appeal followed. Our

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## Background

Because the parties are well-versed in the underlying facts, we forego their recitation unless necessary for the issue on review. On appeal, the Fullmers contend that the district court erred in (1) finding that the physician who restored Mrs. Fullmer's breathing within five minutes after his arrival at the clinic acted within the relevant standard of care; (2) concluding that the emergency medical technician (EMT) was under no state law duty to intubate; and (3) dismissing the claim challenging the military's policies concerning clinic staffing and personnel training as excluded by the FTCA's discretionary function exception.

## Discussion

### A.

We review the district court's factual finding that the clinic physician's conduct was within the relevant standard of care for clear error. See Fed. R. Civ. P. 52(a). This standard applies both to "subsidiary" and "ultimate" factual findings. See Tinkler v. United States, 982 F.2d 1456, 1466 (10th Cir. 1992). Under this standard,

> [i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985); see also

FDIC v. Hamilton, 122 F.3d 854, 860 (10th Cir. 1997).

After reviewing the record, we are unable to say that the district court's

finding was clearly erroneous. Numerous medical experts testified as to the

appropriateness of the physician's conduct, with conflicting testimony whether

the amount of time taken to intubate was reasonable. Although the government's

experts agreed with the Fullmers that, under certain hypothetical situations, the

physician's conduct would be negligent, the circumstances actually faced by the

physician in this case were controverted. In addition, each of these experts

reiterated on redirect that the physician's conduct was within the relevant

standard of care under the circumstances.

## B.

The district court dismissed the remaining two issues due to lack of subject

matter jurisdiction. Such dismissals are reviewed de novo. See Ayala v. United

States, 49 F.3d 607, 611 (10th Cir. 1995); Daniels v. United States, 967 F.2d

1463, 1464 (10th Cir. 1992).

The Fullmers assert that the EMT on duty should have intubated Mrs.

Fullmer before the clinic physician arrived. Under the FTCA, the United States is

liable for tort claims "in the same manner and to the same extent as a private

individual under like circumstances," 28 U.S.C. § 2674, "in accordance with the

law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

We agree with the district court that Utah law does not impose a duty for an EMT Basic even with Advanced Cardiac Life Support (ACLS) training to intubate a patient in Utah. The law in Utah, that intubation is not within the scope of practice of an EMT Basic, does not yield to the standards of the ACLS Handbook nor to the operating procedures of the military clinic. See Gammill v. United States, 727 F.2d 950, 953 n.4 (10th Cir. 1984) ("It would be anomalous for us to infer a private right of action based upon [an Army regulation and Standard Operating Procedure] after having found no such right attaching to the underlying civilian laws."). Because there is no comparable liability for private persons in Utah, there can be no liability for the government under the FTCA, and thus the district court correctly dismissed this claim for lack of subject matter jurisdiction.

C.

Finally, the Fullmers assert that the FTCA's discretionary function exception does not apply to the medical clinic in its allegedly negligent treatment of Mrs. Fullmer. Under the FTCA, sovereign immunity is not waived for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency . . . , whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). If the discretionary function exception applies, the district court lacks subject matter

jurisdiction over the claim.  See Tippett v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997).  To determine whether the discretionary function exception applies, we must decide "(1) whether the action at issue was one of choice for the government employee; and (2) if the conduct involved such an element of judgment, 'whether that judgment is of the kind that the discretionary function exception was designed to shield.'"  Id. at 1197 (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)).  "The exception . . . protects only governmental actions and decisions based on considerations of public policy." Berkovitz, 486 U.S. at 537.

In essence, the Fullmers claim that the government was negligent in failing to have someone constantly available at the clinic whose scope of duties included intubation.  The Fullmers agree that the first prong of the discretionary function test is met, but contend that the second prong of the test is not met because medical decisions fall outside considerations of public policy.  They find support for this in Barnson v. United States, 816 F.2d 549, 553 (10th Cir. 1987), where we acknowledged that decisions involving medical treatment do not come within the exception.  However, the government's staffing decisions at the clinic were not medical treatment decisions.  Instead, they were, as the district court found, based upon military policy considerations which satisfy the second prong of the discretionary function exception test.  See Black Hills Aviation, Inc. v. United

<u>States</u>, 34 F.3d 968, 976 (10th Cir. 1994).  Therefore the district court correctly dismissed this claim for lack of subject matter jurisdiction.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge