Patsi **AYALA, et al, and Myra Lynn Guthrie, et al, Plaintiffs–Appellants,**

v.

**JOY MANUFACTURING COMPANY, et al, Defendants,**

**United States of America, Department of Labor, Mine Safety and Health Administration, Defendant–Appellee.**

**No. 86–1619.**

United States Court of Appeals, Tenth Circuit.

June 16, 1989.

David W. Griffith of Williams, Trine, Greenstein & Griffith, P.C., Boulder, Colo., for plaintiffs-appellants.

Brenda Moss Green, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., and Phyllis Jackson Pyles, Sr. Trial Atty., U.S. Dept. of Justice, with her on the brief), Washington, D.C., for defendant-appellee.

Before MCKAY, TACHA, and BRORBY, Circuit Judges.

McKAY, Circuit Judge.

On April 15, 1981, fifteen miners were killed in a methane and coal dust explosion in a Colorado coal mine. The plaintiffs alleged that the explosion was caused by the improperly wired lighting system on a continuous mining machine. They further alleged that the Mine Safety Health Administration (MSHA) inspector negligently provided technical assistance on specific wiring connections and that he inspected and failed to detect that the lighting system was improperly and dangerously installed in violation of mandatory federal safety standards, *see* 30 C.F.R. § 75.313 (1988), and basic, readily ascertainable engineering principles. Plaintiffs sued the United States and the machine manufacturer under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 (1982). The trial court dismissed the complaint against the United States for failure to state a claim under Fed.R.Civ.P. 12(b)(6) on the ground that MSHA's negligent inspection was within the discretionary function exception to the Federal Tort Claims Act. *See* 28 U.S.C. 2680(a) (1982).[1] Plaintiffs appeal the district court's order granting the United States' motion to dismiss. 610 F.Supp. 86.

"[T]he sufficiency of a complaint is a question of law which we review *de novo*. Accordingly, we apply the same scrutiny to the complaint as did the trial court." *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986) (citations omitted). We noted in *Morgan* that:

Dismissal of a case pursuant to Fed.R. Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief. To reach this conclusion, we clothe plaintiff's claim in such fashion to presume all allegations true. "The Federal Rules of Civil Procedure erect a

---

1. 28 U.S.C. § 2680(a) states:
   The provisions of this chapter and section 1346(b) of this title shall not apply to—
   (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

powerful presumption against rejecting pleadings for failure to state a claim." *Id.* (citations omitted).

The district court in granting defendant's 12(b)(6) motion relied on *United States v. S. A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813–14, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984),[2] which held that "whatever else the discretionary function exception may include it plainly was intended to encompass the discretionary acts of Government acting in its role as a regulator of the conduct of private individuals." Since *Varig Airlines*, however, the Supreme Court has given further guidance on the scope of the discretionary function exception to FTCA liability. In light of *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), we reverse the district court's grant of defendant's 12(b)(6) motion.

The plaintiffs in *Berkovitz* sued the National Institutes of Health's Division of Biologic Standards (DBS), which licensed Lederle Laboratories to produce Orimune, an oral polio vaccine. After plaintiff ingested a dose of Orimune, he contracted a severe case of polio. In *Berkovitz*, a unanimous Court noted: "In restating and clarifying the scope of the discretionary function exception, we intend specifically to reject the Government's argument ... that the exception precludes liability for any and all acts arising out of the regulatory programs of federal agencies." *Id.* 108 S.Ct. at 1959–60. The Court held that "if the [government's] policy leaves no room for an official to exercise policy judgment in perform-

ing a given act, or if the act simply does not involve the exercise of such judgment, the discretionary function exception does not bar a claim that the act was negligent or wrongful." *Id.* 108 S.Ct. at 1964.[3]

In this case, the government denies that its inspector violated a mandatory safety standard which allegedly caused the mine disaster. However, it argues that even if the standard were violated, the inspector was acting in his regulatory capacity and his acts were well within the broad discretion given to MSHA inspectors in the performance of their regulatory and enforcement duties. Plaintiffs reply that the initial "broad discretion" given the MSHA inspectors to regulate mines is not being challenged here. Rather, the specific technical assistance (*i.e.* to connect the wires to the wrong terminal in violation of mandatory federal safety standards) is what is at issue. This is similar to the situation in *McMichael* where the Eighth Circuit stated: "In the case before us, as in *Berkovitz*, the initial discretion granted by the regulations to the Defense Department was broad; the inspectors, however, violated the Department's own policy directives by failing to comply with specific procedures mandated by the Defense Department." *McMichael*, 856 F.2d at 1033.

The plaintiffs assert that the "technical assistance" provided by the MSHA inspector did not involve the balancing of policy interests or the regulation of the conduct of others. The MSHA inspector directed a mine operator to connect the power supply to the continuous mining machine. Those

---

**2.** In *Varig* 124 passengers were killed as a result of a fire on a Boeing 707. The Civil Aeronautics Agency, a predecessor of the FAA, certified that the jet's designs, plans, specifications, and performance data had been shown to be in conformance with minimum safety standards. Varig Airlines sued the government under the FTCA seeking damages for the destroyed aircraft.

**3.** Two circuits have made similar decisions citing *Berkovitz*. *See McMichael v. United States*, 856 F.2d 1026 (8th Cir.1988) (In consolidated actions filed against the United States under the FTCA, plaintiffs sought damages for injuries and death resulting from a munitions plant explosion. In a prior appeal the Eighth Circuit

had affirmed the district court's ruling that the discretionary function exception did not bar the plaintiff's claim against the United States. On this appeal, the court again affirmed its conclusion, relying on *Berkovitz*.); *Patterson v. United States*, 856 F.2d 670 (4th Cir.1988), *reh'g granted*, 866 F.2d 1538 (1989) (Injured resident and estate of deceased resident sued the United States under the FTCA, challenging the Office of Surface Mining's inspection of a fire at a coal refuse pile. The Fourth Circuit reversed the district court's dismissal and held that the allegedly negligent inspection of fire site was not within discretionary function exception, citing *Berkovitz*.)

directions ultimately resulted in a written wiring diagram given to mine electricians which plaintiffs allege caused the lights to be connected incorrectly, in an unsafe and hazardous way and in violation of mandatory federal safety regulations. The plaintiffs contend that the MSHA inspector directed the specific terminals to which the wires should be connected, and that such activity did not involve the exercise of discretion, but rather, simply involved engineering and safety considerations.

Because the conduct of the MSHA inspector involved no discretion or policymaking choices, plaintiffs assert that the court erred in granting defendant's 12(b)(6) motion to dismiss on the basis of the discretionary function exception. "Because petitioners may yet show ... that the conduct challenged here did not involve the permissible exercise of policy discretion, the invocation of the discretionary function exception to dismiss petitioners' ... claim was improper." *Berkovitz*, 108 S.Ct. at 1964. We conclude that plaintiffs have pled sufficient facts to withstand a motion to dismiss in light of *Berkovitz*. We therefore reverse the district court's grant of defendant's motion to dismiss and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.