982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose M. ESCOBAR, Plaintiff-Appellant,
v.
William PARKER, Defendant-Appellee.
 No. 91-1432.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this pro se appeal, the appellant challenges the district court's order dismissing his § 1983 complaint against the appellee, a guard at the Arkansas Valley Correctional Facility (AVCF) where the appellant is currently incarcerated. In his complaint, the appellant alleged that, following an altercation between two inmates, the appellee told a third inmate that it was the appellant who should have been stabbed and announced that the appellant was dangerous and could not be trusted. Additionally, the appellant alleged that, upon requesting the appellee not to talk about him to the other prisoners, the appellee pushed him several times with his stomach and told him "it was just a matter of time before he would get his." The appellant asserted that these actions violated his rights under the Eighth and Fourteenth Amendments and requested injunctive relief and monetary damages.
 
 
 2
 The United States District Court for the District of Colorado required the appellant to show cause why the appellant's complaint should not be dismissed for failure to state a claim. When the appellant failed to respond to the district court's show cause order, the district court dismissed the complaint. The appellant now appeals and we affirm.
 
 
 3
 The sufficiency of a complaint is a question of law requiring de novo review. Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989) (citation omitted). A complaint is insufficient if, accepting the allegations as true, it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Jacobs, Visconi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). For purposes of this determination, the plaintiff's allegations must be viewed in the light most favorable to the plaintiff. Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991).
 
 
 4
 To state a claim under § 1983, an individual must allege misconduct that is "so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions." Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981). When misconduct falls short of this standard, an individual must seek relief in state court under traditional tort-law principles. Id.
 
 
 5
 In this case, the appellant has alleged that the appellee's conduct violated his constitutional rights in two respects. First, the appellant alleges that the appellee's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. However, "not every governmental action affecting ... the well-being of a prisoner" constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986). Prison officials are entitled to significant deference in administering and controlling penal institutions. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992); Bethea v. Crouse, 417 F.2d 504, 505-06 (10th Cir.1969). Thus, to violate the Eighth Amendment's prohibition against cruel and unusual punishment, conduct must involve the "unnecessary and wanton infliction of pain." Hudson, 112 S.Ct. at 998 (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)).
 
 
 6
 In the instant case, we cannot say that the appellee's conduct amounted to the "unnecessary and wanton infliction of pain." The physical contact between the appellee and the appellant was minimal, consisting merely of the appellee shoving the appellant several times with his stomach. Such a de minimis use of physical force does not amount to a constitutional violation. See Hudson, 112 S.Ct. at 1000 (not "every malevolent touch by a prison guard gives rise to a federal cause of action"). Similarly, the comments made by the appellee consisted only of casual verbal threats. While we can imagine situations where verbal abuse alone might rise to the level of cruel and unusual punishment, we do not believe this case presents such a situation. Cf. Collins v. Cundy, 603 F.2d 825 (10th Cir.1979) (holding sheriff's threat to hang prisoner following prisoner's request to mail some legal correspondence did not amount to cruel and unusual punishment). Consequently, we believe the appellant has failed to allege an Eighth Amendment violation.
 
 
 7
 The defendant also alleges that the appellee's actions violated his due process rights under the Fourteenth Amendment.[1] In the prison context, however, the due process clause affords no greater protection to a prisoner than does the Eighth Amendment. Whitley, 475 U.S. at 327. Whether a particular prison measure "shocks the conscience" and so violates due process depends on whether the conduct involves the "unnecessary and wanton infliction of pain." Id. Consequently, our conclusion that the appellee's conduct did not amount to cruel and unusual punishment properly disposes of the appellant's due process claim as well. Accordingly, we find that the appellant's complaint has failed to state a claim under § 1983.
 
 
 8
 The judgement of the district court is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although the appellant's complaint does not specifically allege a due process violation, we must construe his pro se complaint broadly. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir.1991). Consequently, we interpret his reference to the Fourteenth Amendment as raising a due process claim