986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clifford STEWART; Donna A. Stewart, Plaintiffs-Appellants,
v.
FREEPORT-McMORAN OIL & GAS COMPANY, a Delaware corporation,
successor to FPCO Oil Gas Corporation, a Colorado
corporation, successor to Petro Lewis Corporation, a
Colorado corporation; Tom Benjamin Martinez; Stephen P.
Coonts; John I. Seckman; Shirley Grantham; David Hein;
June Turnbull Hein; Holme, Roberts & Owen; David H. Zook;
Gene Welch; John M. Kramer; John Dennis Doyle; John Does
I to XXV, Defendants-Appellees.
 No. 91-1433.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the district court's dismissal of plaintiffs' action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Stewart v. Freeport-McMoran, Inc., No. 91-F-592, Order (Oct. 30, 1991) (Dismissal Order). Plaintiffs also attempt to appeal the district court's award of sanctions in favor of defendants. Stewart v. Freeport-McMoran, Inc., No. 91-F-592, Order Imposing Sanctions (Dec. 10, 1991) (Order Imposing Sanctions). Because we agree with the district court that plaintiffs have failed to state a cognizable claim, we affirm the district court's Dismissal Order; because plaintiffs filed their notice of appeal before the district court had determined the amount of sanctions to impose, the Order Imposing Sanctions is not final and therefore not appealable. We consequently have no jurisdiction to consider the sanctions issue on appeal.
 
 
 3
 Plaintiffs-appellants Clifford Stewart and Donna Stewart filed suit against Freeport-McMoran Oil & Gas Co., the successor to Petro Lewis Corporation, certain Petro Lewis employees, a former business associate, the law firm which had represented Petro Lewis, the Chief Deputy District Attorney for El Paso County, Colorado, and two of his investigators. The suit stemmed from efforts to collect monies admittedly owed by plaintiffs to Petro Lewis and plaintiff Clifford Stewart's later conviction for theft.
 
 
 4
 Plaintiffs' first amended complaint charged that defendants conspired to deprive Mr. Stewart of his constitutional rights in violation of 42 U.S.C. § 1983 and that each defendant abused the process of civil litigation. As mentioned above, the district court dismissed the § 1983 claim, concluding that plaintiffs had failed to state a claim upon which relief could be granted. The court dismissed the abuse of process claims without prejudice, declining to exercise pendent jurisdiction over these state causes of action. Plaintiffs do not challenge the dismissal of the pendent claims.
 
 
 5
 We review the sufficiency of a complaint de novo, applying the same standard of scrutiny as did the district court. Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989). Dismissal under Rule 12(b)(6) is appropriate only where "it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In conducting this review, we "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991).
 
 
 6
 Even under this deferential standard, we agree with the district court that plaintiffs failed to state a claim upon which relief could be granted. The district court correctly concluded that three of the defendants were immune from prosecution and that the remaining defendants were not state actors for purposes of § 1983 liability. We therefore affirm the judgment of the district court regarding the dismissal of plaintiffs' complaint for substantially the reasons stated by that court.
 
 
 7
 In addition to dismissing plaintiffs' complaint, the district court awarded attorney's fees and costs to each defendant pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. As part of the Order Imposing Sanctions, defendants were ordered to submit verified statements of fees and costs no later than December 23, 1991. However, before those statements were filed and before the amount of fees could be determined by the district court, plaintiffs filed their notice of appeal. An order awarding attorney's fees but not setting the amount of such fees is not a final order for purposes of appellate review. Phelps v. Washburn Univ., 807 F.2d 153, 154-55 (10th Cir.1986). We, therefore, DISMISS the appeal from the Order Imposing Sanctions for lack of appellate jurisdiction.
 
 
 8
 Defendants' request for sanctions on appeal is DENIED. The judgment of the United States District Court for the District of Colorado dismissing plaintiffs' complaint is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3