996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael D. FARMER, Plaintiff-Appellant,
v.
STATE OF OKLAHOMA; Bradford Griffith; Supreme Court; and
State of Oklahoma, Department of Human Services,
Defendants-Appellees.
 No. 92-5249.
 United States Court of Appeals, Tenth Circuit.
 May 27, 1993.
 
 N.D.Okl., No. 92-C-502-E.
 N.D.Okl.
 AFFIRMED.
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Michael Farmer is serving sentences for state criminal convictions on two counts of molesting his adopted minor daughters. After his parental rights were terminated, he filed this pro se civil rights action under 42 U.S.C. § 1983, alleging the State of Oklahoma, Oklahoma Supreme Court, Oklahoma Department of Human Services, and the Oklahoma District Court judge who presided over the parental rights termination proceedings violated his constitutional rights throughout the course of the proceedings. Essentially, he sought to reverse the trial judge's decision terminating his parental rights.[1] He also filed a motion for appointment of counsel which was denied. The district court subsequently granted defendants' motion to dismiss Mr. Farmer's complaint under Fed.R.Civ.P. 12(b)(6), finding res judicata barred further litigation of his claims. We affirm on other grounds.
 
 
 3
 The crux of Mr. Farmer's complaint is that the defendants violated his federal constitutional right to equal protection, as well as Oklahoma constitutional and statutory law, when they terminated his parental rights without a jury trial or waiver. Mr. Farmer also claims he is entitled to court-appointed counsel because he has satisfied this court's criteria for appointment of counsel in special civil appeals.[2]
 
 
 4
 "[T]he sufficiency of a complaint is a question of law which we review de novo, " applying "the same scrutiny to the complaint as did the trial court." Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989) (quoting Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986) (citations omitted)). Accordingly, "[w]e will uphold a dismissal [under Fed.R.Civ.P. 12(b)(6) ] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle [him] to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991) (citations omitted).
 
 
 5
 "[A] State is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). Thus, although "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, ... it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66. Moreover, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment," Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted) (emphasis added), "whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). The State of Oklahoma has not waived its Eleventh Amendment immunity. See Nichols v. Department of Corrections, 631 P.2d 746, 750-51 (Okla.1981). Thus, we conclude both the State and its agencies are immune from suit by Mr. Farmer.
 
 
 6
 Similarly, dismissal of Mr. Farmer's complaint against Judge Griffith was appropriate because federal district courts do not have subject matter jurisdiction to review final state court decisions. See Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir.1986) ("A federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court.") (citations omitted); Anderson v. State of Colo., 793 F.2d 262, 263-64 (10th Cir.1986) (District court lacked subject matter jurisdiction over § 1983 claim essentially seeking to undo state court's child custody decision.); 28 U.S.C. § 1257.
 
 
 7
 The district court properly dismissed Farmer's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The other issues raised by Mr. Farmer are rendered moot by our determination that the defendants may not be sued in federal court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Farmer litigated his case before the Oklahoma District Court for Tulsa County, the Oklahoma Court of Appeals, and the Oklahoma Supreme Court. The decision of the trial court terminating his parental rights was upheld. See Matter of D.D.F., 801 P.2d 703 (Okla.1990), cert. denied, 111 S.Ct. 2027 (1991)
 
 
 [2]
 The "Plan for Appointment of Counsel in Special Civil Appeals," Addendum II of the Tenth Circuit Rules of the Court, provides that a judge may order the appointment of counsel "in special cases for persons who are financially unable to obtain the services of counsel."