5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony N. CRISPWELL, Plaintiff-Appellant,
v.
Frank O. GUNTER, Executive Director, DOC; James Brittain;
Thomas I. Cooper, Defendants-Appellees.
 No. 93-1137.
 United States Court of Appeals, Tenth Circuit.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Sept. 24, 1993.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Crispwell, a state inmate and pro se litigant, commenced suit against the Colorado Department of Corrections,[2] its executive director, and the superintendents of two correctional institutions, under 42 U.S.C.1983 alleging his federal constitutional rights had been "grossly violated." The district court dismissed the complaint for its failure to state a claim upon which relief can be granted. The district court also denied Mr. Crispwell permission to appeal in forma pauperis. Mr. Crispwell appeals both decisions.
 
 
 4
 As a decision concerning Mr. Crispwell's right to proceed in forma pauperis involves a discussion of the merits, we grant permission to proceed in forma pauperis.
 
 
 5
 Mr. Crispwell's complaint contains a profusion of extravagant adjectives, numerous conclusions of law, and few facts. Applying the rule that demands liberality in the construction of pro se pleadings, it appears Mr. Crispwell is alleging he was wrongfully transfered from one prison to another and was placed in administrative segregation based upon a confidential informant's testimony that was both erroneous and not fully revealed to Mr. Crispwell.
 
 
 6
 In his brief to this court, Mr. Crispwell fails to inform us why the district court's decision was erroneous; rather, he attempts to expand his pleadings with sweeping conclusions of both law and fact. We review de novo the dismissal of a complaint for failure to state a claim upon which relief may be granted. Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559 (10th Cir.1993) (citing Ayala v. Joy Mfg. Co., 877 F.2d 846 (10th Cir.1989)). We need not consider allegations newly made by the appellant since only the sufficiency of the complaint is under review. Id.
 
 
 7
 Mr. Crispwell initially framed his complaint against the Colorado Department of Corrections and against three of its officers in their official capacity. A suit against a state official in his or her official capacity is no different from a suit against the State itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Ruark v. Solano, 928 F.2d 947, 950 (10th Cir.1991). The Eleventh Amendment to the United States Constitution bars suits against the State of Colorado. The Department of Corrections, as a state government entity, is considered an arm of the state for Eleventh Amendment purposes. See Ruark, 928 F.2d at 950 (applying the Eleventh Amendment to the Colorado Department of Corrections). Hence, neither the Colorado Department of Corrections nor officers acting in their official capacity are "persons" for the purposes of 1983 actions. See Will, 491 U.S. at 70-71.
 
 
 8
 In actions against state officers as individuals, the plaintiff must at least allege facts showing the officers personally participated in the alleged constitutional violations. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976). The complaint before us does not. It fails to allege facts showing the individual defendants personally participated in Mr. Crispwell's transfer and administrative segregation, a lack Mr. Crispwell implicitly conceded in district court when he alleged: "discovery ... will emphatically, and categorically further indict defendants."
 
 
 9
 More importantly, the transfer of a prisoner from one institution to another does not invoke the Due Process Clause, as argued by Mr. Crispwell, despite the loss of good time, earned credits, or other significant modification in conditions of confinement. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976).
 
 
 10
 Mr. Crispwell alleges he was placed in administrative segregation for administrative reasons which he alleges were false. Administrative segregation of an inmate, pending completion of an investigation of disciplinary charges against him, does not require elaborate procedural protections. Hewitt, 459 U.S. at 475; see Frazier v. Dubois, 922 F.2d 560, 562-63 (10th Cir.1990). Mr. Crispwell alleges he was given notice of the charges for his segregation; that he was given an opportunity to present his story; and that he was given reasons for the decision. Assuming a liberty interest is created in an administrative segregation, Mr. Crispwell was extended minimum due process. See Hewitt, 459 U.S. at 476 (informal, nonadversary evidentiary review is sufficient). Mr. Crispwell acknowledges some evidence supported his segregation; he contends it was not sufficient. Some evidence is all that is required. Id.
 
 
 11
 Mr. Crispwell fails to appreciate the difference between facts and conclusions. Alleging a person personally participated in grossly violating the constitutional rights of another is a conclusion and not a fact. Pro se pleaders must allege facts showing they are entitled to relief. This Mr. Crispwell has failed to do.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In filing his notice of appeal, Mr. Crispwell has not designated the Colorado Department of Corrections as a party to the appeal. Thus we presume he does not appeal the district court's dismissal of the Department as a defendant