16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Winfield Duane SCHOOLCRAFT, Plaintiff-Appellant,
v.
STATE of Utah, John Crittenden, Colleen Crittenden, Stanley
Swedin and Jane Marquardt, Defendants-Appellees.
 No. 93-4103.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the district court's grant of defendant's motion to dismiss. We exercise jurisdiction pursuant to 28 U.S.C. 1291, dismiss part of Mr. Schoolcraft's claim for lack of jurisdiction and affirm the remaining portion of the district court's order.
 
 I. FACTS
 
 3
 Winfield Duane Schoolcraft began this litigation in Utah state court to determine the extent of his parental rights in a child, J.W.F. Mr. Schoolcraft alleged he was the father of the child, but the Utah state courts determined that Mr. Schoolcraft was not the father of J.W.F.[2]
 
 
 4
 Mr. Schoolcraft filed this action against the state of Utah; Stanley Swedin, a social worker employed by the state of Utah; John and Colleen Crittenden, the adoptive parents of J.W.F.; and Jane Marquardt, guardian ad litem of J.W.F. in the state proceedings. Mr. Schoolcraft alleged that the defendants violated his constitutional rights by the manner in which they permitted the Crittendens to adopt J.W.F. The federal district court granted defendants' motion to dismiss.
 
 II. DISCUSSION
 
 5
 In federal court, Mr. Schoolcraft sought relief to "set aside all prior Utah State Court decisions"; to find Utah Code Ann. 78-3a-35 unconstitutional; and to remedy alleged constitutional deprivations under 42 U.S.C.1983. We review the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) de novo, applying the same scrutiny to the complaint as did the trial court. Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989).
 
 
 6
 To the extent Mr. Schoolcraft sought to have the federal district court set aside the Utah state court judgments, the district court lacked jurisdiction to grant that relief. Federal district courts do not have jurisdiction over challenges to state court decisions in cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). Any request for federal review of the state court judgment, in this case, must be addressed directly to the United States Supreme Court pursuant to 28 U.S.C. 1257. Facio v. Jones, 929 F.2d 541, 543 (10th Cir.1991).
 
 
 7
 Mr. Schoolcraft further asserts that Utah Code Ann. 78-3a-35(3), which provides "[t]he county attorney shall represent the state in any proceedings in a child's case" in juvenile court violates his right to equal protection under the Fourteenth Amendment. Mr. Schoolcraft's claim is based on the idea that he somehow experienced discrimination because the state of Utah provided J.W.F. an attorney in a proceeding to determine the scope of parental rights.
 
 
 8
 However, Mr. Schoolcraft meets none of the requirements for a valid equal protection claim. He alleges no restriction or violation of a fundamental constitutional right, Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991), and he fails to demonstrate how the defendants intentionally or purposefully discriminated against him. General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982). Moreover, he fails to establish that he is a member of a protected class or that he is a member of a class that is being treated differently than another class in such a manner as to result in a constitutional deprivation. Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth., 933 F.2d 853, 859 (10th Cir.1991). Mr. Schoolcraft's equal protection claim is without merit.
 
 
 9
 Finally, Mr. Schoolcraft asserts that he has suffered an injury addressable by 42 U.S.C.1983. Mr. Schoolcraft's claim against the state of Utah is barred by the Eleventh Amendment. To state a cause of action against the remaining defendants under 1983, Mr. Schoolcraft must show two things: (1) that the defendants acted under of color of state law and (2) that the plaintiff suffered a constitutional harm. Quezada v. County of Bernalillo, 944 F.2d 710, 714 (10th Cir.1991). Mr. Schoolcraft has failed to satisfy either requirement to state a claim under 1983. We find Mr. Schoolcraft's remaining arguments are without merit.
 
 
 10
 We dismiss Mr. Schoolcraft's claim to overturn the Utah state proceedings for lack of jurisdiction and AFFIRM the district court's order on all other claims. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 22, 1993. --- F.R.D. ----
 
 
 [2]
 See State in Interest of J.W.F., 822 P.2d 1218 (Utah Ct.App.1991), cert. denied, 832 P.2d 476 (Utah 1992); State in Interest of J.W.F., 799 P.2d 710 (Utah 1990); J.W.F. v. Schoolcraft, 763 P.2d 1217 (Utah Ct.App.1988)