17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Connie MORGAN, as personal representative of Rodney Morgan,
deceased, Plaintiff-Appellant,
v.
Rhonda WEIZBROD, also know as Rhonda Smith; Linda Caster;
and Mickie Garrison, Defendants-Appellees.
STATE of Oklahoma, Defendant.
 No. 93-6324.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 23, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Connie Morgan, as the personal representative of Rodney Morgan, deceased, originally brought this action in state court against the State of Oklahoma and the named individual defendants for their alleged failure to investigate numerous reports alleging that Rodney Morgan was the victim of child abuse, contending that such failure was a direct and proximate cause of Rodney's death. In her amended complaint, plaintiff asserted claims based on state law and a claim pursuant to 42 U.S.C.1983, contending that defendants' duty to investigate such reports under Oklahoma law amounted to a right or entitlement protected by the Fourteenth Amendment and that defendants' failure to perform their duty violated Rodney Morgan's constitutional rights. The case was removed to federal district court, and defendants then moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).
 
 
 3
 The district court granted defendants' motion, ruling that 1)the State of Oklahoma was not a "person" for 1983 purposes; 2)plaintiff failed to state a claim under 1983 because the applicable Oklahoma statute created neither a liberty nor property interest; and 3)the individual defendants were qualifiedly immune from suit. Plaintiff does not challenge the district court's ruling with respect to defendant the State of Oklahoma. Therefore, this appeal proceeds only as to the individual defendants.
 
 
 4
 On appeal, plaintiff contends the district court erred in ruling that the Oklahoma statute did not create a constitutionally protected interest because the court relied upon improper factual assumptions regarding the Oklahoma Department of Human Services regulations and failed to properly consider the mandatory wording of the statute. Plaintiff also challenges the district court's ruling on qualified immunity as applying too strict a standard. We need not consider the qualified immunity issue because we agree with the district court that no constitutional right or entitlement is implicated by plaintiff's allegations. See Hinton v. City of Elwood, 997 F.2d 774, 780 & n. 5 (10th Cir.1993)(threshold question is whether alleged conduct violated existing law; if not, no need to reach question whether such law was clearly established)(citing Siegert v. Gilley, 500 U.S. 226 1991)).
 
 
 5
 Before addressing the constitutional issue presented by this case, we comment on certain arguments made in plaintiff's briefs on appeal. Plaintiff asserts that the substantive issues involved here are novel and therefore inappropriate for dismissal at this stage. Appellant's Br. at 5. She contends that the state, having created procedures to protect children from abuse, should not be allowed to ignore its statutory responsibilities, and argues "[i]t is for precisely such reasons that the failure of a State to enforce its statutes and rules must be analyzed in the context of specific facts and not mere pleadings." Appellant's Reply Br. at 10. Plaintiff further asserts that 1)the Oklahoma Department of Human Services' regulations were not before the court; 2)the district court therefore proceeded on assumed facts with regard to those regulations in ruling that they were merely a set of procedures to guide decisionmaking; and 3)any such assumptions should have been made in plaintiff's favor. She maintains that she "was never given the opportunity and the trial court never considered the impact of the regulatory structure contemplated by the statutes." Id.
 
 
 6
 These arguments belie a misunderstanding of Rule 12(b)(6) and the applicable standard of review. "[T]he sufficiency of a complaint is a question of law which we review de novo." Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989)(citation omitted). Although we confine our review to the allegations of plaintiff's complaint, Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993), the court is not similarly restricted in examining the law. And, while factual assumptions should be made in a plaintiff's favor, see Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991), we do not make assumptions about the law. In determining whether a complaint states a claim, a reviewing court takes a plaintiff's well-pleaded allegations as true, id., and compares those allegations to the existing law. "We will uphold a [Rule 12(b)(6) ] dismissal only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991)(citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). If a plaintiff's allegations, assumed to be true, fail to state a claim under the applicable law, neither novelty nor egregious facts alone will allow the case to survive. Similarly, a plaintiff's failure to allege all the pertinent facts, raise the relevant issues, or discuss the applicable law will not support an argument that the case should survive Rule 12(b)(6) dismissal.
 
 
 7
 Plaintiff's amended complaint contends that the Oklahoma child protection statute, Okla. Stat. tit. 21, 845, creates a duty to investigate reports of child abuse, and the mandatory nature of that duty creates "a special relationship and a statutorally [sic] created liberty interest which is protected by the Fourteenth Amendment of the United States Constitution." Appellant's App. at 23. As the district court noted, had plaintiff asserted a substantive due process claim under the Fourteenth Amendment, the Supreme Court's decision in DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989), would preclude that claim. In DeShaney, the Court held that 1)the Due Process Clause does not place an affirmative duty on the state to protect an individual from private violence, id. at 195, and 2)neither the state's expressed intention to protect such individuals nor knowledge of an individual being in danger creates a "special relationship" such that an affirmative duty to protect would arise, id. at 200. The Court commented on past cases finding a duty to protect where an individual is in state custody, id. at 198-200.
 
 
 8
 The district court here interpreted plaintiff's complaint as attempting to raise a claim of statutory entitlement to procedural due process. The district court characterized the statute as "a set of procedures to guide Department of Human Services personnel and other persons in their efforts to prevent child abuse." Appellant's App. at 115. The court ruled that the statute gave discretion to various persons to assess the evidence, weigh the interests of parties involved, and exercise their professional judgment. The court concluded that because the benefit the statute sought to provide was "entirely contingent upon the perceptiveness and diligence of third parties," id. at 116, no liberty or property interest was created.
 
 
 9
 We agree. Further, in order to establish a constitutionally protected right to certain procedures, a plaintiff must demonstrate the existence of a separate, underlying substantive interest. See Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983); see also Jacobs, Visconsi & Jacobs, 927 F.2d at 1117 (entitlement to procedures alone does not give rise to independent substantive interest). She has not done that here. Plaintiff cannot assert a right in procedures alone, see Doyle, 998 F.2d at 1570; Doe ex rel. Nelson v. Milwaukee County, 903 F.2d 499, 503 (7th Cir.1990), and DeShaney bars her attempt to establish the existence of a substantive right created by the Oklahoma child protection statute. Plaintiff points to no other source creating the underlying substantive right.
 
 
 10
 On appeal, plaintiff cites several cases which, she says, establish an entitlement to child protective services created by state law. These cases are distinguishable because they involve children taken into custody by the state, e.g., Doe v. New York City Dep't of Social Servs., 649 F.2d 134 (2d Cir.1981)(challenging foster placement supervision); and statutes which mandate affirmative action by state officials, e.g., Taylor ex rel. Walker v. Ledbetter, 818 F.2d 791 (11th Cir.1987)(statutory scheme held to create entitlement for protection of children in foster care), cert. denied, 489 U.S. 1065 (1989). In arguing these cases as a basis for her claim, plaintiff ignores the substantive/procedural due process distinction, see Doe ex rel. Nelson, 903 F.2d at 503 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)), and attempts an end-run around the Supreme Court's opinion in DeShaney. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470