21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold Dean HOLMAN, Plaintiff-Appellant,
v.
R. Michael CODY; Jerry JOHNSON, Defendants-Appellees.
 No. 93-6370.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges. ccORDER AND JUDGMENT[1]
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Holman sued prison officials for restricting the length of his hair. The district court dismissed for numerous reasons. We affirm.
 
 
 3
 The Oklahoma prison system has a grooming code. Generally speaking, it limits the length of a man's hair to not touch the shirt collar in the back. A woman's hair length is limited only by "prevailing community standards." The grooming code provides for a religious exemption. Mr. Holman took the position that his reasons for growing long hair were "legal and personal" and furthermore if a woman could have long hair--so could he.
 
 
 4
 The district court referred the matter to a magistrate judge who wrote an eleven page Report and Recommendation concluding: (1) the grooming code is not unconstitutional because it allows a religious exemption and fails to allow an exemption for freedom of expression; (2) the grooming code represents a reasonable restriction upon Mr. Holman's First Amendment rights as the code is designed to achieve the safety, health, and welfare of the inmates and the security of the facility (see Turner v. Safley, 482 U.S. 78 (1987), and Longstreth v. Maynard, 961 F.2d 895 (10th Cir.1992)); (3) there was no merit to Mr. Holman's claim of gender-based discrimination; and (4) defendants were sued in their official capacities and therefore immune from liability for money damages.
 
 
 5
 The district court then wrote a six page Memorandum Opinion and Order agreeing with the magistrate judge and further opining: (1) the grooming code does not conflict with the Oklahoma Constitution; (2) this circuit in Longstreth upheld the grooming code as facially valid as a general penal regulation; (3) Mr. Holman was afforded due process; and (4) the grooming code creates no arbitrary classification based upon gender which would infringe upon Mr. Holman's rights.
 
 
 6
 The trial court granted the defendants' Motion to dismiss for the failure to state a claim, but informed the parties it was treating the matter as a motion for summary judgment under Fed.R.Civ.P. 56 to the extent it was based on affidavits and other material outside the pleadings.
 
 
 7
 "[T]he sufficiency of a complaint is a question of law we review de novo.... [A]pplying the same scrutiny ... as did the trial court.' " Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989) (quoting Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986)). We will uphold a dismissal under Rule 12(b)(6) only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir.1992).
 
 
 8
 We review the grant of summary judgment de novo applying the same standard as did the trial court. Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir.1992). Summary Judgment may only be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 9
 Mr. Holman appeals now asserting he is an "Essene/Jewish inmate" and argues he is entitled to a religious exemption. However, Mr. Holman chose not to present this issue at the hearing on his request for an exemption. Instead, he stated his issues were "legal and personal". Further, Mr. Holman did not raise his present assertion he is an "Essene/Jewish inmate" or explain how this assertion entitles him to an exception, before the trial court. As this issue was not raised in the trial court, thereby preventing the trial court from making a factual inquiry, we will not consider it on appeal.
 
 
 10
 Mr. Holman next asserts the trial court erred by determining Mr. Holman was not sincere in his religious beliefs. This issue lacks merit as Mr. Holman never posed the nature of his religious beliefs to the trial court.
 
 
 11
 In this appeal, Mr. Holman fails to address the balance of the trial court's reasoning or analysis and therefore we do not reach or decide any other questions.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470